SAMUEL J. BEEBE ET AL. v. THE MAYOR AND COMMON COUNCIL OF THE CITY OF NEWARK.

1. Upon an appeal from the award of commissioners as to the value of lands taken by the city of Newark for a public park, under the seventh section of the city charter, this court cannot give judgment either for the amount assessed by the jury or for the costs on the appeal. The only remedy is by action for the amount against the city.

2. Upon such appeal, it is not error for the jury to add to the value of the land, the interest thereon, from the assessment.

---

This was a motion for judgment in favor of the appellants, Beebe and others, against the city of Newark, for the amount

of damages assessed by the jury upon an appeal taken by the appellants from the award of commissioners appointed to assess the value of the lands of the appellants, taken by the city for a city park. The commissioners assessed the damages at 14,500 dollars, on the 7th of November, 1851, and the jury, at the Essex circuit in January, 1853, assessed them at 17,199.41 dollars, including in this interest on the value from the first assessment.

Argued before POTTS and OGDEN, Justices, by *Parker*, for plaintiffs, and *Frelinghuysen*, for defendant.

Opinion of the court by

POTTS, J.  By the 7th section of a supplement to the charter of the city of Newark, the common council are authorized to take any land or lots in the city for public parks, making compensation to the owners thereof. The amount of *damages* to the owners of land so taken is to be estimated and assessed by commissioners appointed for the purpose; which having been done, said commissioners are to make and sign a certificate of such estimates and assessments, and file the same with the clerk of said city, and the same, being *ratified* by the common council, is made *binding* and *conclusive* upon the owner or owners of such land, subject to an *appeal;* and upon payment of the damages so awarded, or a tender and refusal thereof, it is made lawful for the commissioners to cause said land, &c., to be *converted* and *used* for the purpose aforesaid. Any person conceiving himself aggrieved by the proceedings of the commissioners is authorized to appeal therefrom to the Supreme Court of this state, and the said court is thereupon to "order a trial by jury to assess the *damages* sustained by the party aggrieved, the trial whereof to be conducted as in other cases of trial by jury." *Charter*, § 32. And the 33d section directs "that in case of non-payment on demand of any damages assessed as aforesaid, with *interest from the date of the assessment,* in case of no appeal to the Supreme Court as aforesaid, the person or persons entitled thereto may *sue for and recover* the same from the mayor and common council of

the said city, in an action of debt, with costs, in any court having cognizance thereof, and the said proceedings of the said commissioners and common council, *or award of said jury as the case may be*, shall be conclusive evidence against the defendants."

On the 6th of June, 1851, the common council determined to lay out a public square or park in the south ward of said city, and that certain lands of the appellants should be taken for that purpose, and appointed commissioners to assess the damages, in accordance with the provisions of the charter; which commissioners did estimate and assess the damages to the appellants at the sum of $14,500, on the 7th day of November, 1851 : and having made, signed, and filed the proper certificate thereof, the same was duly ratified by the common council. From this estimate and assessment the appellants appealed, and a feigned issue was thereupon made up in this court, and sent down to the Essex circuit, where it was tried before a jury at the last January term, and the award is now returned with the *postea*, by which it appears the jury found that the plaintiffs had sustained damages, by reason of the laying out of the park aforesaid, in the sum of $17,199.41 over and above their costs and charges, &c.

The plaintiffs now move for judgment in this court for this amount, with costs to be taxed. This is resisted by the counsel of the city, who insists—*first*, that the plaintiffs can have no judgment here upon this *postea; second*, that no costs are taxable in this proceeding; and *third*, that there is an error in the finding of the jury in this, that they have not only estimated, as damages, the *value* of the land on the 7th of November, 1851, but also *interest* on the said valuation from that time to the 22d day of February, being the first day of the present term. And these are the questions to be considered.

1. Can the court order a judgment to be entered here upon this *postea ?* This is a proceeding had under and by virtue of the city charter. It invokes the aid of this court for a particular purpose. That purpose is accomplished when the verdict of the jury is regularly certified into this court; and the 33d section of the charter, in providing that "the award of said

jury" shall be conclusive evidence against the defendants, indicates, very clearly, I think, the intention of the legislature, that the remedy by action provided to enforce payment of the damages assessed by commissioners should embrace also the case where aⁿ appeal is taken and a verdict obtained. The difficulty arises from the peculiar phraseology used in that part of the section which says, that "in case of no appeal to the Supreme Court," the person or persons entitled may sue for the amount assessed by.the commissioners; but the subsequent language used in it shows that this was not intended to take away the right of action in case an appeal was taken: and besides, as there is no other mode of enforcing payment provided for after verdict, the common law right of action attaches the moment the liability is fixed, and this could not be taken away by statute, unless.some specified means of enforcing the right was substituted for it. The right of the plaintiffs to recover the damages found by the jury is undoubted; the right must be enforced by action, if necessary, and the award of the jury is conclusive evidence of the amount to which they are entitled.

2. We cannot award costs. This follows as a necessary consequence. Having no power to enter up judgment, we have no power to give costs. If they are recoverable in this proceeding, it must be in the suit to be brought on the award of the jury. The jurisdiction of this court ends with the verdict properly authenticated and placed on the files of the court.

3. As to the amount of damages, the jury properly included not only the value of the land but the interest from the date of the original assessment, up to the first day of the term to which the *postea* was returnable. .The 33d section of the charter directs, that in case of non-payment on demand of any damages assessed as aforesaid, with *interest from the date of the assessment*, suit may be brought, &c. There can be no doubt, therefore, that the act contemplates that interest should be paid on the value found from the time of the assessment made. This rule is eminently just. The assessment fixed the right of the city to take the land at that valuation, subject to an appeal as to the amount assessed, and as it is the value at

the date of the assessment by the commissioners, which is the question before the jury on the appeal, and the appeal does not change the rule as to interest, it is no error for the jury to find not only the value at the time of the assessment, but the interest subsequently accrued.

OGDEN, J., concurred.