PHEBE A. WATSON, PLAINTIFF-APPELLEE, v. THE MAYOR
    AND ALDERMEN OF JERSEY CITY, DEFENDANT-
    APPELLANT.

Submitted December 9, 1912—Decided March 3, 1913.

On appeal from the Hudson County Circuit Court.

For the plaintiff-appellee, *John Warren.*

For the defendant-appellant, *James J. Murphy* and *Warren Dixon.*

PER CURIAM.

This appeal is to review a judgment entered in the Hudson County Circuit Court in favor of the appellee, for the amount of awards amounting to the sum of nine hundred and twenty-four ($924) dollars, made by assessment commissioners of Jersey City for lands owned by the appellee and acquired by the appellant for street purposes, together with interest from October 12th, 1893, amounting to the sum of ten hundred and thirty-nine dollars and fifty cents ($1,-039.50).

The case was tried by Judge Speer in the Hudson Circuit Court, whose opinion is as follows:

"This case, by consent, is tried before me without a jury. On June 29th, 1893, plaintiff was the owner of the pieces of land described in the declaration. The defendant took appropriate proceedings to extend Seventeenth street, a public highway across said lands, to a width of thirty feet. Assessment commissioners were duly appointed, made their report in due form and the same was duly confirmed by the board of street and water commissioners of Jersey City and concurred in on October 7th, 1893, by the board of finance thereof. By the said report the damages of plaintiff were assessed at $90, $234 and $600, respectively, and said sums

were thereby awarded to said plaintiff, and, by the resolution of said street and water board, concurred in by said board of finance, said awards were confirmed and ordered paid to said plaintiff, and said street was declared extended as a public street, the defendant immediately thereafter took possession of it and improved it as a public street. There is no question in this case that the principal sums of the awards are due to plaintiff from Jersey City. The sole question is with respect to the allowance of interest thereon.

"The contention of Jersey City is threefold:

"(1) That this action is an inappropriate form of remedy. That the act provides a specific method for securing possession of the money and that that method is exclusive. The answer to this contention is that in a case like the present the statute does not provide an exclusive remedy. By section 41 of the charter of Jersey City, the remedy in equity is only in cases where the commissioners have reported the names of owners as unknown; nothing is said as to the method of recovering the amount of an award where the person entitled is known and the award is made to such individual personally. *Mayor and Aldermen of Jersey City* v. *Gardner*, 6 *Stew. Eq.* 622, holds that where the statute does not direct the method of procedure to recover the amount of the award where the person is known, that the person entitled to the award *must* bring an action at law upon the award to recover the amount due him. I so decide in the case *sub judice.*

"(2) That interest is not recoverable for longer than six years past, if at all. Counsel for defendant very properly admits 'that the statute of limitations does not bar the award,' for the very good reason that the statute does not apply to such a debt. But it is difficult to see on what theory, abstractly considered, it can affect the interest on such award. The overwhelming weight, both of authority and reason, is against defendant's position on this point. In *Weide* v. *St. Paul*, 62 *Minn.* 67, it was held that interest runs on an award from the date of the award—and this notwithstanding the landowner himself had taken an appeal and thus stayed the payment of the money to him. In *United States* v.

*Engeman,* 46 *Fed. Rep.* 898, the court said: 'Interest should be allowed from the date of the confirmation of the report. The commissioners have ascertained the present value of the land to be taken, and the owners of the land should have interest on the present value of the land from the time when the right of the United States to take the same attaches to the time when the payment for the land is made.'

"See, also, *Chicago* v. *Wheeler,* 25 *Ill.* 478; *Board of Supervisors* v. *Buffalo,* 18 *N. Y. Supp.* 635; *Uniacke* v. *Chicago, &c.,* 67 *Wis.* 108; *Beveridge* v. *Commissioners,* 100 *Ill.* 75.

"In *Pennsylvania Railroad Co.* v. *Cooper,* 58 *Pa. St.* 408, it was held that the person suing for the award was in the position of an unpaid vendor who was entitled to interest on the purchase-money when the vendee had possession, and that, therefore, interest should run on the award. In *Township of North Whitehall* v. *Keller,* 100 *Pa. St.* 105, the court said: 'The confirmation of the award of damages was a final judgment and bore interest, of course; the pending action (on the award) is but part of an execution process to enforce payment, a result that might have been accomplished by *mandamus.*'

"Other Pennsylvania cases are *Philadelphia* v. *Dyer,* 41 *Pa. St.* 463, 469; *Haley* v. *Philadelphia,* 68 *Id.* 45; *Miskey* v. *Philadelphia, Id.* 48; *Philadelphia* v. *Miskey, Id.* 49. A reading of these cases indicates clearly that interest always runs on an award from the time the award is made, and the title or right of possession passes to the municipality. It should be borne in mind (as is pointed out in a number of cases) that the moment the award in condemnation is made, even though the city does not take possession of the property at once, or an appeal is taken from the action of the commissioners, the property is useless in the hands of the person to whom the award is made, unless there is an income from the property. On account of the condemnation proceedings, the owner, even though the proceedings be appealed or *certioraried,* is unable to sell his property or to improve the same. The courts all hold that this loss to him should be com-

pensated for by way of interest, and that if the property brings in an income, he must account to the municipality for the rents and profits. In Pennsylvania it was held that an award of damages for lands taken for railroad purposes carries interest from the date of the decree confirming the same, although the railroad company, pending proceedings in *certiorari* in the Supreme Court, abstained from doing what it had a right to do, viz., take possession of the land when the award had been confirmed. *Davis* v. *North Pennsylvania Railroad Co.,* 13 *Leg. Int.* 229. In *Plum* v. *Kansas,* 101 *Mo.* 525, the landowner was allowed interest from the date of the award, including the time an appeal by other parties was pending.

"The Eminent Domain act of Illinois, as interpreted by the court in *Philips* v. *South Park Commissioners,* 119 *Ill.* 626, 645, required the payment of compensation for lands taken, or a tender or deposit of the same with the county treasurer, before possession of the land should be taken. On the question of interest, the court said: 'When, therefore, the possession of land is taken, the compensation is due; and if due and payable, it, in justice, ought to draw interest from that time. Here the South Park commissioners went into possession of the land on the 27th day of August, 1870, and they have had the use of the property ever since. They have also had the use of the money, which represents the property, although it was due to the owner when they took possession. It is neither equitable nor right that they should have the use of the land and the money; but as they have had the land, and withheld payment of the money, they should be required to pay interest thereon, as ruled by the Circuit Court.'

"In this case the commissioners did not know to whom to pay the money, inasmuch as certain people claimed that the person who held the legal title of the land taken held it in trust for them. I think the reasoning of the Illinois court in this case applies to the case under consideration.

"In Massachusetts the statute gave the city of Boston the right to take land, the compensation for which was to be agreed upon, or to be decided by a jury in the Common Pleas

Court. The city of Boston took certain property, and not being able to agree with the plaintiff on what amount would compensate it, an action was brought under the statute to have the amount of the award fixed by the jury. The court decided that the damages should be fixed as of the day of the taking, and that the jury should allow interest on the value of the land taken from the day of the taking. *Parks v. Boston,* 15 *Pick.* (*Mass.*) 198, 208. The court said: 'The defendants are not wrong-doers; they are withholding nothing from the plaintiff; not the estate taken, for that the public have acquired; for the city could not pay or tender that, till liquidated by the course of proceeding which is now going on. It is not, strictly speaking, an action for damages, but rather a valuation or appraisement of an incumbrance created on the plaintiff's estate, for the use of the public. It is the purchase of a public easement, the consideration for which is settled by appraisement only because the parties are unable to agree upon it. The true rule would be, as in the case of other purchases, that the price is due and ought to be paid at the moment the purchase is made, when credit is not especially agreed on. And if a *pie powder* court could be called on the instant, and on the spot, the true rule of justice for the public would be to pay the compensation with one hand, whilst they apply the axe with the other; and this rule is departed from only because some time is necessary, by the forms of law, to conduct the inquiry; and this delay must be compensated by interest. But in other respects, the damages must be appraised upon the same rule as they would have been on the day of taking. Besides, the alienation of the plaintiff's property, so far as it was alienated at all for the public easement, was definitive, complete and perpetual on the day of taking.'

"In the New Jersey case of *Jersey City* v. *Fitzpatrick,* 3 *Stew. Eq.* 97, the court ordered that the city pay interest on the amount of the award from the time of the making of the same, even though the proceedings were *certioraried.*

"Mrs. Watson is protected by the provisions of the federal and state constitutions, which provides that *just* compensa-

tion must be made where private property is taken for public use. If judgment was given merely for the amount of the award at the present time, it would not be just compensation for lands taken in 1893, but just compensation would be the amount of the award made in 1893 with interest from that date to the date of judgment. It has been expressly decided, in the Fitzpatrick case, that just compensation would be the amount of the award with interest thereon up to the time of payment. It was proved in the case that the city took possession of the lands and has held them since October 12th, 1893, against Mrs. Watson, and she had no use of the lands, while the city has had the use of the lands and the money.

"What has been said disposes of the third position of the defendant, 'that interest could not begin to run, if at all, until the conclusion of the *certiorari* suit by final judgment entered therein.' By the express decisions cited, and the reasons given therein, this position is untenable. I, therefore, decide and adjudge that plaintiff have a judgment for the full amount of said awards with interest thereon from October 12th, 1893."

The judgment under review herein should be affirmed, for the reasons expressed in the opinion delivered by Judge Speer in the Hudson Circuit Court.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BOGERT, VREDENBURGH, CONGDON, TREACY, JJ. 13.

*For reversal*—None.