BLAICHER HOLDING COMPANY, APPELLANT-RESPONDENT, v. CITY OF NEWARK, RESPONDENT-APPELLANT.

Submitted May term, 1933—Decided December 19, 1933.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and HEHER.

For the appellant, *Frank A. Boettner* (*Louis A. Fast,* of counsel).

For the respondent, *Lum, Tamblyn & Colyer* (*Ralph E. Lum,* of counsel).

PER CURIAM.

This appeal presents for review a judgment, of the Essex County Circuit Court, for interest on an award for lands taken by the city of Newark under the Eminent Domain act (Revision 1900), 2 *Comp. Stat., p.* 2181.

Briefly, the facts are that after the award was made by the commissioners in condemnation both the condemning party and the property owner appealed. The petition to condemn was filed August 10th, 1931. The commissioners filed their report, making an award on September 23d, 1931. On appeal, the verdict of the jury was returned December 1st, 1931. The amount awarded by the jury was accepted, the owner reserving the right to claim interest on the same. That question was tried by the court below, without a jury, and interest was allowed on the final award from the date of the filing of the petition in condemnation. The facts were stipulated, and it appears therefrom that two witnesses testified (on the appeal heard in the Circuit Court before the jury and their testimony was uncontroverted) that for sometime prior to the filing of the petition in condemnation the building of the owner had been occupied as a factory for the manufacture of jewelry; that the business was sold out when condemnation was threatened, and was then rented to the purchaser of the business, another manufacturing jeweler, under a month to month tenancy, and that the owners were forced to accept this month to month tenancy because of the threatened condemnation; that a few months before the petition was actually filed, the tenants exercised their right to vacate the building on thirty days' notice and did so because of the threatened condemnation, and that no revenue was derived from the building thereafter. It was also stipulated that the condemning agency, the city of Newark, did not take physical possession of the property in question until after the final award by the jury.

The court below said: "Possession was not taken. The

city contends that possession is the controlling element; I think not. The deprivation of the profitable use may occur where possession is not taken. The testimony in the case at bar establishes the fact that there was a deprivation of the owner's possession and that because of the same the income from the property ceased. Under these circumstances the owner is entitled to interest from the date of the filing of the petition."

In this finding we are of the opinion that the court below was in error. Obviously, the court reasoned, notwithstanding the fact that the city did not take possession of the property until after the jury has found its verdict, none the less the filing of the petition in condemnation brought about the deprivation of the profitable use of the building and that this was tantamount to taking possession. This seems to us to be clearly a *non sequitur*. It is admitted that the city did not take actual possession of the property. The trial court, therefore, must have been led to his conclusion by reason of the sale of the business which formerly was conducted in the premises and by the acceptance by the owner of a new tenant on a month to month basis and that thereafter this second tenant quitted the premises.

Now if the first occupant of the building was under a lease, it could not have quitted the premises at will, so, manifestly, its lease, if there was one, had expired or it was a month to month tenant. The fact that it sold out its business cannot be charged to the fact that the land and premises were to be taken in condemnation. There is no direct proof of this and to conclude that it is so, without proof, is speculative and unwarranted. The proof is that the business was sold *when* condemnation was imminent. The new tenant likewise moved, and the reason therefor seems to us to be immaterial. Perhaps it got better quarters or cheaper rent elsewhere.

The court further said, "the testimony in the case at bar establishes the *fact* that there was a deprivation of the owner's possession and that because of the same income from the property ceased."

This finding of fact on the part of the trial court is not controlling upon us, because, as we view it, there was no

competent proof to justify this conclusion. The court would not have been justified in receiving evidence of this character and submitting it to a jury, namely, that the first tenant had sold out his business when condemnation was apparent; that a new tenant rented the building on a month to month basis and that this new tenant moved *prior* to the filing of the petition in condemnation. Consequently, if such testimony, which would be necessary to justify a fact conclusion of this character, could not be received in evidence, a jury could not have found such to be the fact nor can the trial court sitting without a jury.

All these happenings occurred before the city of Newark had started the proceedings to condemn. Suppose the city, just prior to the filing of the petition in condemnation, had, in the exercise of sound discretion, decided not to make the improvement that required the taking of this property—would the owner have had a cause of action against the city for deprivation of the use of the building? We do not think so.

If possession of the *locus in quo* be taken by the condemning agency at the time of the filing of the petition, manifestly, the owner is entitled to interest from the date of the taking, but where the taking does not, as here, occur until after final judgment, it is error to allow interest on the amount of the award from the date of the filing of the petition when the property in question has been in the control of and available for use to the owner up to the time of final judgment.

The question here is a narrow one—whether the owner is entitled to interest on the award, as fixed by the final judgment after appeal, from the date of the filing of the petition, the city not having taken actual possession until after final judgment. That was the issue passed upon by the court below, and nothing more, and that is the issue here determined, and nothing more.

The judgment appealed from will therefore be reversed, with costs.