BERGEN COUNTY SEWER AUTHORITY, A BODY CORPO-RATE AND POLITIC OF THE STATE OF NEW JERSEY, PETITIONER-RESPONDENT, v. THE BOROUGH OF LITTLE FERRY, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, RESPONDENT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued July 30, 1951—Decided August 8, 1951.

44

Before Judges JAYNE, WM. J. BRENNAN, JR., and VAN-DERWART.

*Mr. Alfred W. Kiefer* argued the cause for appellant.

*Mr. Walter H. Jones* argued the cause for respondent.

The opinion of the court was delivered by
JAYNE, J. A. D.   The Bergen County Sewer Authority, a body corporate and politic in law, was created by the Board of Chosen Freeholders of the County of Bergen pursuant to the terms and provisions of the legislative enactment of 1946.

*P. L.* 1946, *c.* 123, *p.* 571; *R. S.* 40:36*A*–1, *et seq.* To accomplish its objects and purposes it is clothed with power to acquire both private and public lands by eminent domain. *R. S.* 40:36*A*–36.

In furtherance of a resolution adopted on September 8, 1949, a petition was addressed to the judge of the Superior Court and filed on September 30, 1949, for the acquisition by condemnation of three tracts of vacant land situate within and owned by the Borough of Little Ferry. In response to the prayer of the petition the judge of the Superior Court on December 16, 1949, appointed three commissioners to examine and appraise the lands in conformity with the procedure prescribed by the applicable statute. *R. S.* 20:1–1, *et seq.*

The three tracts have some distinguishing characteristics. Tract No. 1 containing 6.269 acres is principally meadowland. Tract No. 2 comprising 6.153 acres has a frontage of 650 feet on the Hackensack River. Tract No. 3 consisting of 118.5 acres embraces some land of a higher elevation, a so-called lake which has resulted from excavations previously made by a manufacturer of brick, and meadowland in its southern portions. The tracts subjected to condemnation are not excised from a larger area and accordingly the borough is not left with the ownership of remaining lands in that locality.

The borough promptly prosecuted an appeal from the order appointing the condemnation commissioners. *7 N. J. Super.* 213 (*App. Div.* 1950), appeal dismissed on procedural grounds, *5 N. J.* 548 (1950). The statute authorizing the creation of the sewer authority was held to be constitutional, and the power of the sewer authority to condemn land owned by the municipality was sustained.

On August 16, 1950, the report of the commissioners was filed in which they announced the just and equitable appraisement of the value of said lands and property and the damage by reason of the taking thereof to be $79,100.

The borough appealed from the report of the commissioners to the Superior Court where the struck jury on November 3,

1950, granted an award to the borough in the sum of $68,-341.90. On November 17, 1950, an order was made by the judge of the Superior Court directing "that the sum of $2,984.25 representing interest at four per cent upon the amount of $68,341.90 from September 30, 1949, to November 3, 1950, be paid by the petitioner to the respondent." On December 2, 1950, judgment was entered in favor of the borough "for the sum of $68,341.90, without costs," thus ignoring therein the allowance of interest.

A review of both the order for the payment of interest and of the judgment is sought by the borough in the prosecution of the present appeal.

Counsel for the appellant has assembled his argument under 13 points, and we have considered them in the order in which they are presented in the briefs.

In the present proceeding the sewer authority in the exercise of the privilege conferred upon it by the Legislature assumed possession of the lands upon the filing of the petition and "in advance of making compensation therefor." *R. S.* 40:36A–36. But see, *Delancey & Stockton Corp. v. Reliable, &c., Co.*, 134 *N. J. Eq.* 71 (*E. & A.* 1943).

Where the condemnor has by virtue of legislative authority entered into possession of the property before the payment of compensation, it has in the great majority of jurisdictions been held that interest on the award shall be allowed as part of the just compensation to which the one whose property is taken is entitled under the constitutional requirements. 18 *Am. Jur., Eminent Domain*, 912, *sec.* 272.

In our own jurisdiction, consult: *Metler v. Easton and Amboy Railroad Co.*, 37 *N. J. L.* 222 (*Sup. Ct.* 1874); *Newark v. Weeks and Knecht*, 71 *N. J. L.* 448, 455 (*Sup. Ct.* 1904); *Acquackanonk Water Co. v. Weidmann, &c., Co.*, 98 *N. J. L.* 413 (*Sup. Ct.* 1923), affirmed 99 *N. J. L.* 175 (*E. & A.* 1923); *North Hudson R. R. Co. v. Booraem*, 28 *N. J. Eq.* 450 (*E. & A.* 1877); *New York and Greenwood Lake Ry. Co. v. Stanley's Heirs*, 35 *N. J. Eq.* 283 (*E. & A.* 1882).

The initial point asserted by counsel for the appellant relates to the alleged impropriety of the order allowing interest on the award at the rate of four per cent rather than at the rate of six per cent *per annum.*

This criticism of the order seems to project the fundamental question whether the allowance of interest on the award is to be regarded as a legitimate charge for the forbearance of an indebtedness, or whether the allowance in the circumstances of such cases is an equitable method of compensating the owner for any loss suffered by him by reason of the intermediate period of delay between the actual taking of the property and the ultimate ascertainment of the amount of the award in conformity with the statute, which allowance theoretically becomes an integrant essential to the completeness of just compensation.

The answer to that question is expressed in the following quotation from *Metler v. Easton and Amboy Railroad Co., supra*:

"Interest for the intermediate period is allowable, not strictly as damages for the taking, but as an equitable mode of compensating the owner for the necessary delay in ultimately ascertaining the amount he is entitled to be paid, and as the means of reaching the full measure of the just compensation which, by the constitution, must precede the taking of the property of a private citizen for public uses.

This general rule for the allowance of interest is liable to be controlled by the circumstances of each particular case. If the owner has not been disturbed in the possession, and has had a profitable use of the premises, or has received the rents for them pending the appeal, these circumstances should be taken into account and the interest abated accordingly. Possibly the life effect may be given to a tender and payment into court, where the statute provides for such proceeding."

Of particular pertinency to the present proceeding in this regard is the quotation from the decision of the former Court of Errors and Appeals in the *Acquackanonk Water Company* case:

"As to the alleged error in adding the interest to the verdicts we are of the opinion that the action of the trial court in this regard

was not error. The record shows that the condemnors were in possession and diverting the water from the time of the filing of the petition to condemn, and manifestly the landowners were deprived of their property from that date without just compensation. And where the statute does not in terms provide for an allowance of interest, equitable principles require that it be allowed. *Metler v. Easton and Amboy Railroad Co., supra.* But the appellants insist that it should be calculated by the jury and included in their verdict, as was done in the *Metler* case, where the jury found the interest as a separate item as directed by the court, Mr. Justice Depue, in the opinion of the court, saying: 'By the *postea* it appears that the jury was directed to make the calculation of interest separately, that it might be submitted to this court whether the plaintiff was entitled to interest.' Thus recognizing the power of the court to disallow the interest, if circumstances equitably required it, and to order a judgment after eliminating the interest.

If this be so, then the converse of the proposition would be sound in law, and the court may add interest to make full compensation in a case where the jury is required by statute, and the instruction of the court, to find the damages as of the time of taking the land prior to the date of trial. As Mr. Justice Depue said, in the case last cited, 'interest on demands of this character, not being a matter of contract, or positive law, is allowed on equitable principles.' It seems to us that when a statute like the one under consideration restricts a jury in ascertaining damages to the date of the taking of the land, which is long prior to the trial, and the landowner is entitled, on equitable principles, to interest on the sum awarded for the value of his land taken, it is not an erroneous procedure for the trial court to add to the verdict by way of legal interest such sums as will compensate him for his property, and order judgment for the sum thus arrived at. There was no disputed question of fact not settled by the jury, and the ascertainment of the amount of the interest was a mere matter of calculation, and the only error in the proceeding complained of, if it was one, was that the court calculated the interest instead of the jury, which does not affect the substantial rights of any of the parties. Section 27 of our Practice Act provides, 'no judgment shall be reversed for error as to matters of pleading or procedure, unless, after examination of the whole case, it shall appear that the error injuriously affected the substantial rights of a party.' This cures the proceedings adopted by the court, even if it was error."

The principle of noticeable significance expressed in the foregoing decisions is that interest on such demands, if granted, is allowed on equitable considerations in the light of the circumstances of the particular case, and the landowner is not entitled as a matter of right in all such proceedings to

the allowance of interest on the award at the maximum legal rate.

Counsel for the respondent attracts attention to those passages of the decision in *Metler v. Easton and Amboy Railroad Co., supra,* which declare that where, as here, the owner is the sole appellant, and the verdict of the jury is not in excess of the appraisement of the commissioners, interest should be disallowed. In so far as this is to be regarded as the statement of a rigid and inflexible rule of present application it is disapproved.

The Legislature has expressly afforded the landowner a right of appeal from the report of the commissioners which operates as a *supersedeas* upon the award of the commissioners and upon the appeal leaves the parties, with respect to their rights in the land in question and to the payment of just compensation for a lawful taking, just where they were before the award of the commissioners was made. *Cf. Johnson v. Baltimore & New York Railway Co.,* 45 *N. J. Eq.* 454 (*Ch.* 1889).

In the existing state of our legislation relating to the power of eminent domain, we are of the opinion that the allowance of interest on the award should be determined according to the considerations of equity and fair dealing in order to accomplish justice in each particular case. *Vide, Agnew Co. v. Paterson Bd. of Education,* 83 *N. J. Eq.* 49, 67 (*Ch.* 1914), affirmed *Id.* 339.

Accordingly we do not perceive any substantial error necessitating the annulment of the order under review, although we think that the item of interest so allowed and identified as such should have been included in the final judgment.

The next point emphasized by counsel for the appellant pertains to the admission over his timely objection of testimony concerning the assessed valuation of one of the tracts.

The notion that value estimated normally on a basis of apportionment and equalization for tax purposes is to be arbitrarily accepted as expressive of value for condemnation

awards is fanciful. A realistic comparison of the different purposes for which these valuations are made and of the procedures by which they are determined induces the conclusion that there is little actual support for that assumption. Indeed, a legislative prescription that assessed valuation should be the sole standard of just compensation in eminent domain proceedings might likely offend the constitutional right to due process of law. See, however, *North Jersey, &c., Comm. v. State Water, &c., Comm.,* 129 *N. J. L.* 326 (*Sup. Ct.* 1943), *re* municipally owned property.

█ There are jurisdictions in which the decisional or statutory law permits tax assessments of contemporary date to be brought to the attention of the fact-finding tribunal in condemnation proceedings, but it is the generally recognized rule that the assessed valuation of property for purposes of taxation is *ex parte* and may not be received in evidence to prove market value in such proceedings. 18 *Am. Jur.* 993, *sec.* 350; 17 *A. L. R.* 170; 84 *A. L. R.* 1485; *Orgel, Eminent Domain,* 504, *c. XIII. Vide, Bana v. Pittsburgh Plate Glass Co.,* 76 *N. E. 2d* 625 (*Ohio Ct. of App.* 1947); *contra, City of Detroit v. Christy,* 316 *Mich.* 215, 25 *N. W. 2d* 174 (*Sup. Ct.* 1946), in which pertinent authorities were reviewed.

In determining "fair value" for the purpose of credit upon a deficiency claim arising out of a mortgage foreclosure suit, our former Court of Chancery pursued the rule that assessed value for taxation purposes is not the yardstick for fair value in equitable proceedings. *Fidelity Union Trust Co. v. Ritz Holding Co.,* 126 *N. J. Eq.* 148, 173 (*Ch.* 1939).

We believe the better rule to be that evidence of tax valuation is not admissible for the purpose of establishing fair market value in this type of cases.

█ Nor do we think that such assessments may be accepted in evidence as an admission by the municipality concerning the value of the land taken. *Vide, Girard Trust Co. v. City of Philadelphia,* 93 *A.* 947 (*Penna. Sup. Ct.* 1915).

The occurrence disclosed by the transcript in the present case may be briefly stated. The mayor of the borough, a

licensed realtor, testified as an expert witness on behalf of the borough, and on cross-examination counsel for the sewer authority over objection elicited from him that a tract of land purporting to contain 125 acres, which included tract No. 3 of 118.5 acres, had an assessed valuation in 1948 of $34,775 and in 1949 of $123,000. Moreover, it was not made to appear that such assessed valuations constituted in any respect the basis for the opinion expressed by the witness, nor was any reference made to them in the direct examination.

However, upon mature reflection we conclude that any detriment which the borough sustained by the disclosure of the low assessed valuation of 1948 was cancelled by the benefit it received from the revelation of the higher valuation of 1949, and that upon examination of the entire case it is not manifest that the ruling of the trial judge in that particular injuriously affected the substantial rights of the appellant. *Rules* 1:2–20, 4:2–6.

We mention specifically another ground of appeal. There was testimony that there were surface water drains extending some 450 feet from the board of education ball field along the edge of one of the tracts. A witness for the borough was asked "what effect, if any, will the removal of those drains have upon the drainage system of the Borough of Little Ferry"? An objection to the question was sustained. Without comment concerning the composition of the question, it suffices to state that examining counsel refrained from making any specific offer of what he expected to prove by the answer of the witness (*Rule* 3:43–2), and forthwith abandoned that subject of inquiry.

We are not informed that the drains to which reference was made were other than natural surface water courses or ditches. The jury was, however, informed of their previous existence and made aware that in addition to the availability of the present excavation as a drainage basin, a portion of the property was permissively utilized as a dump and that there were rabbits and pheasants in that territory which attracted

the local game hunters in season. Moreover, the jurors visited and viewed the property.

We recognize the fundamental rule that it is a question for the jury to determine, upon proper instructions by the court, from the evidence, the elements of damage and expenditure reasonably necessary to render the landowner an equivalent for all that has been taken, but we do not regard the challenged ruling as substantially prejudicial to appellant in the circumstances of the present case.

The next succeeding points impugn the rulings of the court relative to the qualifications of the expert witnesses called by the appellant. While the trial judge, in consequence of the rather unusual nature and characteristics of the lands involved, might well have been more liberal in the exercise of his discretion in measuring the qualifying knowledge and experiences of the witnesses with regard to sales of comparable property, yet the authorities are in accord that the question whether a witness has the necessary special knowledge or experience to qualify him to testify as an expert is primarily in the discretion of the trial court, and its determination is not reviewable on appeal unless it is clearly shown to be erroneous in matter of law. *New Jersey Zinc Co. v. Lehigh Zinc Co.*, 59 *N. J. L.* 189, 194 (*E. & A.* 1896); *Burns v. Del. & Atl. Telegraph Co.*, 70 *N. J. L.* 745, 755 (*E. & A.* 1904); *Leonard v. Standard Aero Corp.*, 95 *N. J. L.* 235, 239 (*E. & A.* 1920); *Cowdrick v. Pennsylvania R. R. Co.*, 132 *N. J. L.* 131, 139 (*E. & A.* 1944); *Bosze v. Metropolitan Life Insurance Company*, 1 *N. J.* 5 (1948); *Rempfer v. Deerfield Packing Corp.*, 4 *N. J.* 135 (1950); *Coll v. Bernstein*, 14 *N. J. Super.* 71 (*App. Div.* 1951).

Again we do not regard the court's rulings in the respects mentioned so harmful as to constitute a persuasive reason for a reversal of the judgment.

At the trial the appellant submitted to the court nine requests to charge. The court declined to charge them other than as embodied in the language of his own instructions to the jury. Exception was taken to the court's refusal to adopt

the requests as composed and error is assigned thereon in the present appeal.

It is the elementary rule that a trial judge is not obliged to impart to the jury requests to charge in their precise language. Error cannot be predicated merely on the refusal to charge specifically. It is sufficient if somewhere in the entire charge the principles of law, their substance and effect comprehended by the request are clearly stated. *Paolercio v. Wright,* 2 *N. J.* 412 (1949); *Batts v. Joseph Newman, Inc.,* 3 *N. J.* 503 (1950).

The failure of the court to charge request No. 3 is not now criticized by the appellant. Of the remaining eight we are of the opinion that requests Nos. 1, 2, 8, and 9 were properly rejected. Nos. 1 and 2 importuned the court to instruct the jury that "in determining the amount of compensation * * * every element that can fairly enter into the question of value, and which an ordinarily prudent business man would consider before forming judgment in making a purchase should be considered," and also "all matters, either present or future, that necessarily and proximately affect the market value of the tracts may be considered in assessing damages." Those requests were manifestly too sweeping in their import.

Requests Nos. 8 and 9 were inapplicable. No. 8 related to the computation of interest on the award, which subject was not submitted to the jury. No. 9 sought to have the jury consider the "practicability of uniting lands in one ownership, and costs, expenses, and time consumed in doing so," concerning which no evidence whatever was introduced.

Requests Nos. 4, 5, 6, and 7, which pertained to the consideration of the most valuable use to which the land was adapted, were proper, but we observe that the court instructed the jury as follows:

"The rule is that the landowner is entitled to receive the fair price for any use for which the land has a commercial value of its own in the immediate present or in reasonable anticipation in the near future. This concerns the present market value having the

reasonably anticipated use in the near future in view. The rule limits the proof to the condition of the land as of September 30, 1949, and the uses to which it is naturally adapted."

We have thoughtfully examined all of the grounds of appeal and we conclude that none of the alleged errors, if recognized as such, is in any aspect sufficiently harmful or prejudicial to the appellant in a contest between two public agencies to warrant a reversal of the judgment under review.

Let the mandate of affirmance direct the entry of a judgment for the borough inclusive of the allowance of interest pursuant to the order of November 17, 1950. No costs on this appeal.