32 N.J. Super. 79 (1954)
107 A.2d 833
BOARD OF EDUCATION OF THE CITY OF VINELAND, PLAINTIFF,
v.
H.V. WILEY ROSS, H. WILEY ROSS, JR., AND NETTIE J. ROSS, ALSO KNOWN AS MALDONETTA J. ROSS, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided September 15, 1954.
*80 Mr. Adolph Stern, attorney of Board of Education of the City of Vineland, for the motion.
Mr. David L. Horuvitz, attorney of H.V. Wiley Ross, H. Wiley Ross, Jr., and Nettie J. Ross, also known as Maldonetta J. Ross, opposed.
WOODS, J.S.C.
The owners remained in possession. The condemnors, other than to institute proceedings to condemn, did not interfere with owner's use between the date of filing of the petition and the final award.
An owner whose property is condemned is not entitled to interest on the award from the date of the filing of the petition if the condemning agency does not take possession until after award is made. Blaicher Holding Company v. Newark, 12 N.J. Misc. 45 (Sup. Ct. 1933).
The allowance of interest on an award made to landowner for property taken by exercise of eminent domain should be determined according to considerations of equity and fair dealing in order to accomplish justice in each particular case. Bergen County Sewer Authority v. Little Ferry Borough, 15 N.J. Super. 43 (App. Div. 1951).
Nor does the court feel that interest should be allowed between the date the commissioners made their award and the time the final award was entered by the court. The position of the owner, condemnee, remained unchanged during this interval.
This court feels the order heretofore entered was improvidently so entered. Interest will be disallowed and deducted.
An amended award judgment and order will be entered accordingly.