63 N.J. Super. 326 (1960)
164 A.2d 615
STATE OF NEW JERSEY, BY THE STATE HIGHWAY COMMISSIONER, PLAINTIFF-APPELLANT,
v.
WILBUR F. HANKINS, ET AL., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued October 3, 1960.
Decided October 18, 1960.
*327 Before Judges GOLDMANN, FREUND and KILKENNY.
*328 Mr. Murry D. Brochin, Deputy Attorney General argued the cause for appellant (Mr. David D. Furman, Attorney General, attorney).
Messrs. Milton H. Gelzer and John F. Russo argued the cause for respondents (Messrs. Hiering & Grasso, attorneys for respondents Ferguson; Mr. Robert A. Lederer, attorney for respondent Wilbur F. Hankins).
The opinion of the court was delivered by KILKENNY, J.A.D.
The State appeals from an amended judgment of the Superior Court, Law Division, insofar as it awarded the defendants interest on the $9,000 sum fixed by the jury as the value of their land condemned for state highway purposes. The State alone had appealed from an earlier $9,500 award made by condemnation commissioners. The disputed interest allowance by the trial court amounts to only $456.25, having been calculated at 5% on the $9,000 jury verdict for the period from June 12, 1958, the date the condemnation commissioners made their report, to June 17, 1959, the date of the jury verdict.
Proceedings by the State for condemnation of a portion of defendants' lands, consisting of a vacant strip about 70 feet wide by about 241 feet long bordering the northerly line of Route 37, Dover Township, Ocean County, were instituted on July 23, 1957, pursuant to R.S. 20:1-1 et seq. The State did not file any declaration of taking and did not deposit with the court the estimated value of the land to be acquired. It did not take actual physical possession of the land during the pendency of the condemnation proceeding. Condemnation commissioners were appointed and, by their report actually filed June 13, 1958, made an award of $9,500 to the defendants.
On the State's appeal to the Law Division, and after a jury trial, the value to be paid by the State to the defendants was fixed by the jury at $9,000, or $500 less than the commissioners' award. Judgment was ordered on the jury *329 verdict on June 22, 1959, and the order was entered on July 2, 1959. That judgment made no reference to and contained no provision for interest on the $9,000 sum fixed by the jury.
The State did not take actual physical possession of the condemned land of the defendants until November 25, 1959, by which time it had paid the sum due defendants as provided in the aforesaid Law Division judgment.
As the result of a motion by defendants based on R.R. 4:62-1, originally made returnable November 20, 1959 and argued December 4, 1959, the trial court, by order of January 13, 1960, amended the judgment of June 22, 1959 in the amount of $9,000 "by the addition of 5% interest on said sum of June 12th, 1958 to June 17th, 1959 to wit Four hundred and fifty six dollars and twenty five cents ($456.25)."
The sole issue on appeal is whether the trial court committed error by amending its original judgment to allow interest on the condemnation sum determined by the jury for the above specified period. Both sides agree that there is no statutory provision for the payment of interest, applicable to the facts of this case. Likewise, both concede that equitable principles alone determine the propriety of the allowance of interest to the defendants here.
In pressing for interest defendants urged in the trial court, as they urge here, that in 1955 Hankins had applied to the building inspector of the Township of Dover, where the property was located, for a permit to construct a gasoline and service station on property of which the condemned land formed a part. The building inspector refused to issue a permit unless defendants received written approval from the State Highway Department, since the land bordered State Highway Route 37. The Department issued the permit upon its request, but told Hankins that part of their property lay in the line of a proposed right of way which the Department expected to utilize for the expansion of Route 37. The defendant Hankins was advised that any gasoline pumps *330 should not be nearer than 75 feet from the then existing northerly line of Route 37, because the State contemplated acquiring the 70-foot strip. Defendants acquiesced in this advice and accordingly placed their gasoline pumps beyond the 75-foot line. However, the 70-foot strip subsequently condemned was continuously used by defendants and their patrons in driving from Highway 37 into and out of defendants' gasoline service station. So that, beyond the State's friendly admonition in the face of prospective action and the acceptance of the advice given, the State did not exercise any possessory rights in the strip in question, or interfere with defendants' beneficial use thereof prior to November 25, 1959, by which time the defendants had been paid as aforesaid. The trial court properly found that the 1955 incident did not constitute a taking of defendants' lands, or a going into possession thereof, at that time.
In New Jersey Highway Authority v. Ellis, 24 N.J. 1, 7 (1957), this rule is laid down:
"Whether interest must be paid on the value of land taken in a condemnation proceeding constitutionally depends on whether there is a lapse of time between the date of the actual taking of the property and the tender of or payment of the value of the property so taken. The amount of interest and when it should be paid in turn depends on specific provisions with respect to interest in a statute or where there is no such provision then on general equitable principles." (Emphasis supplied)

* * * * * * * *
"In condemnation proceedings interest is allowed where the condemner goes into possession without full payment and the owner is deprived not only of his property but of the profits and increments from the use, and for this latter deprivation interest is allowable on equitable principles." (Emphasis supplied)
Citing Acquakanonk Water Co. v. Weidmann Silk Dyeing Co., 99 N.J.L. 175 (E. & A. 1923).
In the Acquakanonk case, supra, the condemners also took possession from the time of filing the petition to condemn and obviously the owners were deprived of their property from that date. Since the value of the land is fixed as *331 of the filing of the proceedings, if the property owner is actually deprived of possession at that time, without payment of compensation, he should be entitled equitably to interest on the award for the period between the government's going into possession and the payment of the award.
In Bergen County Sewer Authority v. Little Ferry Borough, 15 N.J. Super. 43 (App. Div. 1951), where the addition of interest at 4% on the jury award was upheld, the condemning authority "assumed possession of the lands upon the filing of the petition and in advance of making compensation therefore." There the court reiterated the rule, as laid down in the cases cited, that "where the condemnor has by virtue of legislative authority entered into possession of the property before the payment of compensation, it has in the great majority of jurisdictions been held that interest on the award shall be allowed as part of the just compensation to which the one whose property is taken is entitled under the constitutional requirements."
On the other hand, as noted in Board of Education of City of Vineland v. Ross, 32 N.J. Super. 79 (Law Div. 1954), an owner whose property was condemned was not entitled to interest on the award from the date the petition was filed, where the condemning agency did not take possession until after the award was made. The allowance of interest on an award made to a landowner for property taken under eminent domain should be determined according to considerations of equity and fair dealing in order to accomplish justice in each particular case. In the Ross case, supra, the court found that "the owners remained in possession. The condemnors, other than to institute proceedings to condemn, did not interfere with owner's use between the date of filing of the petition and the final award." Accordingly, interest was disallowed.
Also, we observe this language in the Ross decision, which we adopt as pertinent to the instant appeal:
"Nor does the court feel that interest should be allowed between the date the commissioners made their award and the time the final *332 award was entered by the court. The position of the owner, condemnee, remained unchanged during this interval." (Italics supplied)
The record below clearly indicates that the defendants continued to use the subject strip of land in the same manner after the condemnation proceedings were instituted and throughout these proceedings until payment of the reduced award fixed by the appeal, as they had used it before the condemnation. Since the trial court found that there was no "taking" by the State prior to the condemnation, the continuance of the status quo pending the condemnation could not constitute a "taking." Accord: Blaicher Holding Company v. City of Newark, 12 N.J. Misc. 45, 169 A. 521 (Sup. Ct. 1933).
The defendants concede that the State did not go into actual, physical possession of the land acquired prior to payment of the award on November 25, 1957, but argue none the less that the filing of the condemnation action brought about a deprivation of the profitable use of their land and that this was tantamount to taking possession. This same argument was rejected as a "non sequitur" in Blaicher Holding Co. v. Newark, supra, 12 N.J. Misc., at page 47.
In allowing interest by the amended judgment, the trial court based its reasons on (1) the "delay" occasioned by the State's appeal "in ultimately ascertaining the amount the owners were to be paid"; (2) the fact that "the owners would have been entitled to payment of the $9500 award when the commissioners filed their report except for the appeal"; (3) the relatively small reduction of $500 "confirms the propriety of the Commissioners' award and shows the appeal to have been without substantial merit"; and (4) the conclusion that "it is not shown that the failure of the State to take possession was of any benefit to the owners or that the owners received any otherwise worthwhile benefit from the property subsequent to the Commissioners' award."
*333 As to the "delay" in ultimately ascertaining the amount the owners were to be paid by reason of the State's appeal the defendants suffered no harm, since they, and not the State, were in possession of the lands at all times. The existing condition prevailed during the processing of the appeal. To penalize the State with the imposition of interest on the award because it exercises the right of all parties litigant to take an appeal is against public policy. The public funds must be jealously safeguarded. The State should not be shackled in pursuing an appeal from a condemnation award by the fear that it will be burdened with interest, simply because that appeal necessitates some delay before the final resolution of the matter in dispute. To paraphrase the court's opinion in the Bergen County Sewer Authority case, supra, 15 N.J. Super., at page 52:
"The Legislature has expressly afforded the landowner and the condemning agency a right of appeal from the report of the commissioners which operates as a supersedeas upon the award of the commissioners and upon the appeal leaves the parties, with respect to their rights in the land in question and to the payment of just compensation for a lawful taking, just where they were before the award of the commissioners was made."
In reaching its result, the trial court relied upon an early case, Metler v. Easton & Amboy R. Co., 37 N.J.L. 222 (Sup. Ct. 1874), which seemingly penalized the condemner with interest on the commissioners' award because of delay occasioned by its appeal. However, even in that case, the court stated, at page 225:
"If the owner has not been disturbed in the possession, and has had a profitable use of the premises, or has received the rents from them pending the appeal, these circumstances should be taken into account and the interest abated accordingly."
It is not correct to say, as the trial court did, that the owners would have been entitled to payment of the $9,500 award when the commissioners filed their report, except for the appeal. N.J.S.A. 20:1-30 permits the condemner to *334 abandon the condemnation at any time up to and within 20 days after the filing of the commissioners' report, or in the event of an appeal therefrom up to and within 20 days after entry of judgment on the appeal. Obviously, if the condemnation may be abandoned up until those times, the property owner's right to payment does not vest until expiration thereof. His right to payment of the award is not fixed until the State waives its right to abandon the condemnation by allowing the statutory period to elapse.
We cannot agree with the trial court's conclusions that the $500 reduction obtained by the State on its appeal from the $9,500 award was of such relatively small size as to confirm the propriety of the commissioners' award, that it shows the appeal to have been without substantial merit, and that "consequently the State caused the delay without good reason." The $500 reduction, which actually exceeds the $456.25 interest in dispute, established some merit in the appeal and negates the conclusion that the State caused the delay without good reason. Were we to sanction the allowance of interest on a condemnation award in every instance where the State takes an appeal and fails to win a very substantial reduction, even though the property owner remains in possession throughout the entire proceeding, we would place an unduly heavy responsibility upon the State in its deciding whether it should take an appeal. The public welfare impels us not to do so.
The defendants also rely upon Beebe v. Mayor, etc. of City of Newark, 24 N.J.L. 47 (Sup. Ct. 1853), Watson v. Jersey City, 84 N.J.L. 422 (E. & A. 1912), and State v. Jones, 27 N.J. 257 (1958), condemnation cases in which interest on the award was allowed, to support their contention that interest was properly allowed here. But those cases are readily distinguishable on the facts.
In the Beebe case, supra, the proceeding was under and by virtue of the city charter, whose 33rd section expressly provided "that in case of non-payment on demand of any damages assessed as aforesaid, with interest from the date *335 of the assessment, in case of an appeal to the Supreme Court, the person or persons entitled thereto may sue for and recover the same * * *." Thus, the case was bottomed in a legislative mandate expressly set forth in the charter.
In Watson, supra, the city acquired plaintiff's land for street purposes. The assessment commissioners made an award, and "the defendant immediately thereafter took possession of it (plaintiff's land) and improved it as a public street." Obviously, in such a case, interest should run equitably on the award, since the city was in possession of the condemned land immediately thereafter.
In State v. Jones, supra, the judgment providing for payment of interest on the condemnation award from the date of filing the complaint was a consent judgment. The State had contended that it had actually taken possession of Jones' property prior to filing the complaint because it wanted to show the property then had a lesser value as an inside lot. If its contention with respect to the earlier taking had been upheld, it would have been obliged to pay interest from the earlier taking, but upon a diminished value for the property. Having lost its contention, it was willing to consent to the interest from the later date. Thus, the right to interest on an award was not squarely presented to or passed upon by the court in the Jones case.
Thus, as we compare case after case, we find the important point of distinction is whether the condemning authority went into possession before the payment of the award. Thus, in Yara Engineering Corp. v. City of Newark, 136 N.J. Eq. 453, 459 (Ch. 1945), the court said:
"Generally, when a corporation having power of eminent domain goes into possession of land with the consent of the owner, and improves the land for public use, Chancery will require payment of the value which the land had at the time of the entry, and interest from that time until payment is made." (Emphasis supplied)
But In re Parking Authority of City of Hackensack, 30 N.J. Super. 534 (App. Div. 1954), held that where the condemnees *336 were in possession of the condemned property, and were collecting rents from tenants, the condemnees were not entitled to any interest on the jury award.
Since the defendants retained possession and the use of their property until termination of the condemnation proceeding on appeal, and no compelling equity existing for the allowance of interest on the jury award, the amended judgment, insofar as it allowed interest, is to that extent reversed.