89 N.J. Super. 85 (1965)
213 A.2d 764
STATE OF NEW JERSEY, BY THE STATE HIGHWAY COMMISSIONER, PLAINTIFF-RESPONDENT,
v.
NICHOLAS ANGLETON, ET AL., DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued September 20, 1965.
Decided October 7, 1965.
*87 Before Judges GOLDMANN, FOLEY and COLLESTER.
Mr. Philip R. Carlin argued the cause for appellants (Mr. Walter Goldberg, attorney).
Mr. Richard Newman, Deputy Attorney General, argued the cause for respondent (Mr. Arthur J. Sills, Attorney General, attorney; Mr. Joseph A. Dambach, of counsel and on the brief).
The opinion of the court was delivered by FOLEY, J.A.D.
In this condemnation proceeding defendants appeal from an order of the Law Division denying their motion "for an order directing the plaintiff to pay interest on a commission award * * *."
The facts are these: On March 21, 1962 plaintiff, pursuant to R.S. 20:1-1 et seq., R.S. 27:7-22, instituted condemnation proceedings against defendants who were the owners of certain vacant lands in Union County. Commissioners were appointed who, after a series of hearings, filed a report dated March 10, 1964 in which they awarded defendants $120,000 as the fair value of the subject property. On March 31, 1964 defendants filed a notice of appeal in the Law Division challenging the report of the commissioners, as provided in N.J.S.A. 20:1-16. Plaintiff asserts that it too filed an appeal on April 1, 1964. Defendants contend that the notice of appeal was not served upon them. In view of our determination of the case we deem the status of plaintiff's appeal to be of no consequence.
Thereafter, the parties through their attorneys entered negotiations looking toward the settlement of the litigation. Apparently, defendants claimed that plaintiff had taken actual possession of the lands at some time prior to the institution of the condemnation action, and thereby had become liable for the payment of interest upon the amount awarded in the commissioners' report. Plaintiff denied having taken possession and rejected the demand that it pay such interest.
*88 The differences between the parties, as thus stated, were composed by the agreement of plaintiff to pay, and defendants to accept, the amount awarded by the commissioners, without interest. A stipulation of dismissal was entered on April 29, 1964 and the appeal was dismissed on May 5, 1964. On June 6, 1964 the principal sum of $120,000 was paid and accepted, and at that time the plaintiff came into actual possession of the lands.
Thereafter, defendants demanded that plaintiff pay them interest for the period between the report of the commissioners and the date of payment, and upon plaintiff's refusal to accede to this demand the present action was instituted. The matter came on for hearing on July 16, 1964, at which time defendants' motion was denied.

I.
Initially, defendants argue that N.J.S.A. 20:1-13 "clearly gives a land owner the right to interest on the award made by the commissioners in a condemnation proceeding." This section of the Eminent Domain Act provides as follows:
"The report of the commissioners together with the order or judgment appointing them, or a copy thereof certified by the clerk of the court, shall be plenary evidence of the right of the owner of the land or other property taken to recover the amount awarded with interest and costs, in the action or in an action in any court of competent jurisdiction to be instituted against the plaintiff after failure to pay the same for twenty days after the filing of the report, and shall from the time of filing the report be enforceable as a lien upon the land or property taken and any improvements thereon." (Emphasis added)
Plaintiff counters with the argument that N.J.S.A. 20:1-13 applies only to a situation in which (a) no appeal has been taken within the 20-day period, or (b) the condemnor has not abandoned the condemnation proceeding within 20 days after the filing of the commissioners' report (see N.J.S.A. 20:1-25). Plaintiff contends that where an appeal has been taken within the 20-day period specified by N.J.S.A. *89 20:1-13, that section becomes inoperative and the provisions of N.J.S.A. 20:1-25 govern. N.J.S.A. 20:1-25 provides as follows:
"The amount of the judgment on the appeal, or so much thereof as shall not have been paid, shall be paid to the parties entitled thereto or paid into court as provided in section 20:1-15 of this Title.
If possession shall not have been taken theretofore, the plaintiff, upon payment as aforesaid, may, notwithstanding any further appeal or other proceedings, take possession of the lands or other property for the purposes for which the same was authorized to be taken.
The persons entitled to receive payment of the judgment shall be entitled to the same lien as is provided in section 20:1-13 of this Title for the collection of awards of commissioners and shall have such other remedies as may be appropriate for the recovery of the same."
The thesis upon which plaintiff's argument is predicated is that when an appeal is taken in this type of proceeding the claims of the respective parties are litigated de novo and the prior proceedings before the commissioners, and the result thereof, are superseded and become of no effect. Thus, argues plaintiff, the rights and obligations of the respective parties are measured by the ultimate disposition of the court proceeding.
It is a fundamental principle of statutory construction that, ordinarily, parts of legislation, as represented by sections of a statute, will not be read in isolation, since the function of the court is to determine the basic legislative purpose in enacting a statute as a whole. The legislative history of N.J.S.A. 20:1-13, supra, aids us in this regard. The source of subsection 13 is the Eminent Domain Act of 1900 (L. 1900, c. 53, § 7) which provided that (a) that upon the filing of the report of the commissioners and upon payment or tender of the award, the condemnor was authorized to enter upon and take possession of the land, and that proof of payment or tender of the amount awarded was plenary evidence of the right of the petitioner to possess the property; and (b) the report was also plenary evidence of the right of the owner to recover the amount awarded with interest, in an *90 action upon contract for the condemnor's neglect to pay the same for 20 days after the filing of the report.
L. 1931, c. 365, § 6, amending L. 1900, c. 53, repeated verbatim § 7 of that act. We think that L. 1900, c. 53, § 7, and L. 1931, c. 365, § 6, indicate that the clear legislative purpose was to key the payment of interest to the date on which the condemnor took actual possession of the property. The revision accomplished by L. 1953, c. 20, § 21 and § 22 (our present law) is not to the contrary. In respects here pertinent this revision did no more than break down the correlative rights and obligations of the condemnor and the owner into two sections. N.J.S.A. 20:1-12 (L. 1953, c. 20, § 21) provides:
"Upon the filing of the report of the commissioners, and upon payment to the parties entitled thereto or into court, of the amount awarded as provided in this chapter, the plaintiff may take possession of the land or other property for the purposes for which the same was authorized to be taken.
The report of the commissioners, together with the order or judgment appointing them, or a copy thereof certified by the clerk of the court and proof of such payment of the amount awarded shall be plenary evidence of the right of the plaintiff to have, hold, use, occupy, possess and enjoy the land and other property."
This, in essence, is a repetition of the first half of L. 1900, c. 53, § 7; and N.J.S.A. 20:1-13 (L. 1953, c. 20, § 22), is a restatement of the second half of each of the prior enactments. Plainly, N.J.S.A. 20:1-12 and 20:1-13 must be read together, and when so read they become in effect a reenactment of the predecessor laws and a reaffirmance of the purposes of such laws.
While there appears to be no reported case contextually similar to the case at bar, our courts have held that interest on an unpaid condemnation award ordinarily runs from the date on which the condemnor comes into actual possession, the theory being that until that time the owner is not deprived of his property or of the profits and increments from its use. See, State, by State Highway Commissioner v. Hankins, *91 63 N.J. Super. 326, 332 (App. Div. 1960). See also New Jersey Highway Authority v. Ellis, 24 N.J. 1, 7 (1957); Blaicher Holding Co. v. City of Newark, 12 N.J. Misc. 45, 47, 169 A. 521 (Sup. Ct. 1933). On the other hand, when the condemnor goes into possession without full payment and the owner is deprived not only of his property but of the profits and increments from its use, interest is ordinarily allowable on equitable principles. New Jersey Highway Authority v. Ellis, supra; Acquackanonk Water Co. v. Weidmann Silk Dyeing Co., 99 N.J.L. 175 (E. & A. 1923).
In the present case defendants exercised their right to take an appeal, and by doing so effectively interfered with the plaintiff's taking possession of the land in question. It was not until defendants' appeal was dismissed by stipulation, and plaintiff had timely paid the sum agreed to by the parties that possession was vested in plaintiff. As to timeliness, we find that the lapse of time between the order of dismissal and the payment was not unreasonable considering the mechanical difficulties which attend governmental operations.
Our conclusion that defendants are not entitled to interest makes moot the question of whether or not the settlement reached by the parties embraced defendants' claim for interest under N.J.S.A. 20:1-13, supra.

II.
Defendants also contend that irrespective of their rights under N.J.S.A. 20:1-13 they are entitled to interest on equitable grounds. The record before us does not indicate that this theory was presented to the trial court. The opinion of the trial judge makes no mention of it, but appears to turn upon a finding that N.J.S.A. 20:1-13 was inapplicable and that the evidence of whether or not the agreement preceding the stipulation of dismissal disposed of the claim for statutory interest was inconclusive. Moreover, the memorandum submitted to the trial court did not suggest the equitable considerations defendants now advance. It seems probable that *92 the issue was not raised below, in which event, that fact not having been noted in defendants' brief, we are not required to consider it. See R.R. 1:7-1(c).
However, on the merits we find defendants' argument to be without substance. Actually, it is subsumed by our disposition of the previous point. As we have pointed out, defendants remained in possession of their property until plaintiff paid for it in full at a time reasonably close to the date of the parties' agreement. In such circumstances we think it would be inequitable to charge plaintiff with interest, particularly since whatever delay occurred at any stage of the proceedings following the award by the commissioners was attributable wholly, or in part, to defendants' appeal therefrom. Cf. State, by State Highway Commissioner v. Hankins, supra.
Affirmed.