THE ACQUACKANONK WATER COMPANY. APPELLANT, v. THE WEIDMANN SILK DYEING COMPANY, RESPOND-ENT.

THE ACQUACKANONK WATER COMPANY, APPELLANT, v. THE NATIONAL SILK DYEING COMPANY, RESPOND-ENT.

THE MAYOR AND ALDERMEN OF THE CITY OF JERSEY CITY, APPELLANTS. v. THE WEIDMANN SILK DYEING COMPANY, RESPONDENT.

THE MAYOR AND ALDERMEN OF THE CITY OF JERSEY CITY, APPELLANTS. v. THE NATIONAL SILK DYEING COMPANY, RESPONDENT.

Argued June 26. 1923—Decided November 19, 1923.

1. Where there are several diverters of water, some with prescriptive rights to divert and others not, and the latter seek to condemn the right to divert, from the same stream. it is not error for the court to instruct the jury to disregard that portion of the water diverted by those having a prescriptive right, in apportioning the damages to be paid by the condemnors for the diversions made by them. The rights of the prescriptive diverters are not affected by the condemnation.

2. Where a statute, providing for the condemnation of land for public use, restricts a jury in ascertaining damages to be awarded a landowner to the date of the taking, which by statute is the filing of the petition to condemn, which is long prior to the trial, he is entitled to interest, on the amount of damages, between the taking and the verdict, and it is not an erroneous procedure for the trial court to add the interest to the verdict and order judgment entered for damages and interest.

On appeals from the Supreme Court, whose opinion is reported in 98 N. J. L. 413.

For the appellants, *William B. Gourley* and *Humphreys & Sumner.*

For the respondents, *Griggs & Harding* and *William I. Lewis.*

The following opinion was prepared by the late Mr. Justice Bergen, in compliance with the assignment to him. It clearly expresses the view of the court upon the matters involved in the litigation, and is adopted by the court as its own opinion in the cause.

BERGEN, J. The four cases above designated, with two others not now argued, were tried together. In the cases now under consideration each plaintiff had a verdict, and each defendant was allowed a rule to show cause why the verdict should not be set aside, reserving certain exceptions taken at the trial. The trial court discharged the rules, and, after calculating the interest on the verdicts, ordered judgments entered for the amount of the verdicts and interest. From these judgments the appellants appealed to the Supreme Court where the judgments were affirmed, from which these appeals were taken. The foundation of the litigation was, in each case, the ascertainment of the damages sustained by the respondents, as riparian owners, for the diversion of the water of the Passaic river by proceedings in condemnation under the act entitled, "An act to regulate the ascertainment and payment of compensation for property condemned or taken for public use." *Pamph. L.* 1900, *p.* 79. The awards were made by the commissioners duly appointed, and the condemnors appealed to the Circuit Court of the county of Passaic, where the issues were framed and tried, resulting in a verdict for each landowner.

The trial court instructed the jury to find the damages, "as of the date of the filing of the petition and order thereon," as the statute requires the commissioners to do. This was manifestly correct because if the jury should undertake to fix the value of the property taken as of any other time it may have increased or diminished between the time the commissioners acted and the date of trial, and their verdict would have no relation to the time when the proceedings to condemn

were instituted, as required by the statute, and thus the verdict might affect the right to recover costs on the appeal. "The question to be determined was the value of the lands and the damages of the plaintiff below, at the time of the appointment of the commissioners." *Montclair Railroad Co.* v. *Benson et al.,* 36 *N. J. L.* 557; *Metler* v. *Easton and Amboy Railroad Co.,* 37 *Id.* 222.

This record shows that on the respective verdicts the trial court calculated and added the interest on the sums found by the jury, from the date of the filing of the petition to that of the verdict, and ordered judgment for the aggregate.

It also appeared that the Morris Canal and Banking Company and the Passaic Water Company had, previously, diverted some water from the Passaic river, under a prescriptive right, and the court instructed the jury that they should not take into consideration, in fixing the proportions to be paid by the condemnors, the diversions which were made by these two corporations under their prescriptive rights, and refused to charge, when requested, that they should take them into account. The only alleged errors argued are the exclusion of the diversions by the Morris Canal and Banking Company and the Passaic Water Company, in apportioning the damages among the other diverters seeking to take the property by condemnation, and the action of the court in adding the interest accruing, between the filing of the petitions and the day of the verdict, to the sum of the respective damages found by the jury as of the time the several petitions were filed.

We are of opinion that the trial court properly excluded the consideration of the proper diversions by the two parties named, acting under prescriptive rights, because when the condemnors began their unlawful diversion, which they later sought to legalize by condemnation proceedings, they were dealing with the existing situation of an original flow lawfully depleted, the flow being the basis of the rights of the respondents sought to be condemned, which was the entity on

which the proceedings operated, and not one which would have existed but for the lawful prescriptive diversions.

As to the alleged error in adding the interest to the verdicts we are of the opinion that the action of the trial court in this regard was not error. The record shows that the condemnors were in possession and diverting the water from the time of the filing of the petition to condemn, and manifestly the landowners were deprived of their property from that date without just compensation. And where the statute does not in terms provide for an allowance of interest, equitable principles require that it be allowed. *Metler* v. *Easton and Amboy Railroad Co., supra.* But the appellants insist that it should be calculated by the jury and included in their verdict, as was done in the Metler case, where the jury found the interest as a separate item as directed by the court, Mr. Justice Depue, in the opinion of the court, saying: "By the *postea* it appears that the jury was directed to make the calculation of interest separately, that it might be submitted to this court whether the plaintiff was entitled to interest." Thus recognizing the power of the court to disallow the interest, if circumstances equitably required it, and to order a judgment after eliminating the interest.

If this be so, then the converse of the proposition would be sound in law, and the court may add interest to make full compensation in a case where the jury is required by statute, and the instruction of the court, to find the damages as of the time of taking the land prior to the date of trial. As Mr. Justice Depue said, in the case last cited, "interest on demands of this character, not being a matter of contract, or positive law, is allowed on equitable principles." It seems to us that when a statute like the one under consideration restricts a jury in ascertaining damages to the date of the taking of the land, which is long prior to the trial, and the landowner is entitled, on equitable principles, to interest on the sum awarded for the value of his land taken, it is not an erroneous procedure for the trial court to add to the verdict by way of legal interest such sums as will compensate him for his property, and order judgment for the sum thus arrived

at. There was no disputed question of fact not settled by the jury, and the ascertainment of the amount of the interest was a mere matter of calculation, and the only error in the proceeding complained of, if it was one, was that the court calculated the interest instead of the jury, which does not affect the substantial rights of any of the parties. Section 27 of our Practice act provides, "no judgment shall be reversed for error as to matters of pleading or procedure, unless, after examination of the whole case, it shall appear that the error injuriously affected the substantial rights of a party." This cures the proceedings adopted by the court, even if it was error.

The case of *Reed* v. *Chicago, Minneapolis and St. Paul Railroad Co.*, 25 *Fed. Rep.* 886, is somewhat similar to the one under consideration. In that case proceedings to condemn were instituted for the purpose of assessing the damages caused to plaintiff for lands taken by a railway company in the State of Iowa. The award was made by a sheriff's jury, under the statute, from which an appeal was taken to the Circuit Court of the county and from thence to the Circuit Court of Appeals of the United States, where the trial was had and damages assessed by the jury. By the instruction of the court the jury was directed to ascertain the damages as of the time of the condemnation proceedings, and one of the questions presented was whether the court in ordering judgment on the verdict could provide for the payment of interest on the damages assessed by the jury, and the court held that "the only way in which the rights of all can be fully protected is for the jury to assess the damages as of the date of the assessment by the sheriff's jury, and then, upon the rendition of the verdict, for the court to make the proper order touching the question of interest. Until the verdict is rendered, it cannot be known whether plaintiff may be entitled to interest. When this is determined by the amount of the verdict the court can then make the proper order, and the same will form part of the adjudication settling the damages." The judgment under review will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TREN-
CHARD, PARKER, MINTURN, WHITE, HEPPENHEIMER, ACKER-
SON, VAN BUSKIRK, JJ.   9.

*For reversal*—None.