NEW JERSEY HIGHWAY AUTHORITY, PLAINTIFF-RE-
SPONDENT, v. PHYLLIS TODD ELLIS, WIDOW; TOWN-
SHIP OF HOLMDEL, IN THE COUNTY OF MONMOUTH,
A MUNICIPAL CORPORATION OF NEW JERSEY, DE-
FENDANT-APPELLANT.

Argued February 25, 1957—Decided April 1, 1957.

2

*Mr. Ralph S. Heuser* argued the cause for the appellant (*Messrs. Heuser, Heuser & De Maio,* attorneys).

*Mr. Walter Goldberg* argued the cause for the respondent (*Mr. Daniel I. Lubetkin* on the brief).

The opinion of the court was delivered by

OLIPHANT, J.   This is an appeal from an order of October 18, 1956 denying two motions made for the purpose of compelling the respondent, New Jersey Highway Authority, to pay to the defendant-appellant, Mrs. Ellis, the additional sum of $1,291.36 in full satisfaction of a judgment of condemnation entered against it on February 16, 1956.

The respondent, New Jersey Highway Authority, instituted condemnation proceedings against certain lands owned by the appellant on August 3, 1953.   On August 4, 1953, for the purpose of going into possession immediately and pursuant to the statute, *N. J. S. A.* 27:12B–7, the Authority filed its declaration of taking and took an order to pay into the Superior Court the sum of $44,275 as estimated compensation for the lands taken.   This payment into court entitled the Authority "to the exclusive possession and use of each tract of land or property described in said declaration—for the purpose or purposes for which the Authority is authorized by law to acquire and condemn such land or other property or interest therein."

As required by the statute and on notice to the parties, including the Authority, the appellant, Mrs. Ellis, on November 15, 1954 applied for the withdrawal of the sum so deposited, and the Superior Court directed payment to her of the sum of $45,105.20, representing the principal of $44,275 plus interest of $1,291.36, less the state commissions of $461.16.

The payment of the principal of the money deposited, in the words of the statute, was "for or on account of the just compensation to be awarded in said action."   But the statute goes on and states the following proviso:

"* * * provided, that each person shall have filed with the Clerk of the Superior Court a consent in writing that, in the event the award in the said action shall be less than the amount deposited, the court, after such notice as the court prescribes and hearing,

may determine his liability, if any, for the return of such difference or any part thereof and enter judgment therefor. *If the amount of the award as finally determined shall exceed* the amount so deposited, the person or persons to whom the award is payable shall be entitled to recover from the Authority the difference between the amount of the deposit and the amount of the award, with interest at the rate of *six per centum (6%) per annum thereon from the date of making the deposit.* If the amount of the award shall be less than the amount so deposited, the Clerk of the Superior Court shall return the difference between the amount of the award and the deposit to the Authority unless the amount of the deposit or any part thereof shall have theretofore been distributed, in which event the court, on application of the Authority and notice to all persons interested in the award and affording them an opportunity to be heard, shall enter judgment in favor of the Authority for such difference against the party or parties liable for the return thereof." (Italics supplied)

Subsequently the commissioners in condemnation made an award of $48,705, from which the appellant-owner appealed. On February 16, 1956 the matter was apparently settled by agreement and a consent judgment was entered which adjudged "that the sum of $72,000.00, *inclusive of interest,* is the full, adequate and just compensation for the lands and premises taken ˙ * * * and that the full fee simple title in and to said lands is vested in the New Jersey Highway Authority, free and clear of all encumbrances whatsoever on the payment to the parties entitled thereto of the balance of the said sum of $72,000.00, *inclusive of interest, not heretofore received by the parties."* (Italics supplied)

On February 29, 1956 the appellant executed a satisfaction of such judgment "for SEVENTY-TWO THOUSAND ($72,000.00) DOLLARS without costs," L-9339-52, and forwarded this warrant of satisfaction together with a deed to the closing agent for the respondent. On April 6, 1956 the respondent forwarded a check payable to Mrs. Ellis in the amount of $26,894.80. By this check respondent charged itself with the commissions paid to the Clerk in the sum of $461.16, and credited itself with $1,291.36, the interest earned on the deposit under the rules and statute covering such deposits, which had been paid to the appellant on the order of payment of November 15, 1954.

The appellant immediately questioned the respondent taking credit for the interest earned on the deposit in court, and the respondent Authority took the position that as a matter of law the interest earned by the deposit belonged to the condemning Authority. The appellant then made two motions to compel the respondent to pay her the sum of $1,291.36 which the respondent had not included in the check of $26,894.80 which it tendered as full payment in satisfaction of her judgment of $72,000 above set forth.

The trial court held that generally interest earned on the deposit would belong to the condemnee, but he felt the question he had to decide was the meaning of the judgment as entered. He said the judgment was entered by consent and in interpreting the judgment he held the words "inclusive of interest" are not ambiguous but to the contrary are clear and concise and that he could not attribute to them, under the facts and circumstances of this case, the meaning given to them by the appellant. He said under the facts of this particular case, together with and in light of all the surrounding circumstances, he found that the respondent had carried out the terms of its agreement. He further held the application to correct the judgment after the terms of the settlement had been complied with and after the warrant to satisfy the judgment had been executed "constituted an unusual delay." Although the warrant of satisfaction was executed, it had not been filed and was not filed in this case until November 21, 1956, which was about one month after the decision below.

We are met *in limine* with an objection that the motions as filed were out of time under *R. R.* 4:61 and 4:62, since they were not made within ten days after the entry of the judgment, and further that the judgment was a consent judgment. This objection was not raised below and the matter was argued on the merits. But we view the procedural question involved to be, whether the respondent Authority would have the right to file the satisfaction of the judgment when its tender of payment was refused, and that question could be decided on a motion under *R. R.* 4:60–2, 4:60–3 and 4:60–4.

The first point of the appellant is that the interest earned on the funds on deposit, as estimated compensation, belongs to the condemnee and not the condemner. They insist that there is a distinction between the interest which may be paid on the deposit, as permitted by *N. J. S. 2A:15-73* and *R. R.* 4:72-5, and the interest at 6% required to be paid by *N. J. S. A.* 27:12B-7 on the excess of the final award over the estimated compensation deposited on the filing of the declaration of taking. The appellant concedes that by the terms of the judgment she has no right to the 6% interest on the excess.

The respondent's position is that this was a consent judgment and amounts to what is really an agreement voluntarily entered into between the parties with full knowledge of the surrounding circumstances as they existed at the time of entry into the agreement; that the legal problems here involved are not questions of condemnation but rather of contract and construction; that the answer to the problem must be found by effectuating the intention of the parties to this judgment as manifested by the language employed therein.

██ Whether interest must be paid on the value of land taken in a condemnation proceeding constitutionally depends on whether there is a lapse of time between the date of the actual taking of the property and the tender of or payment of the value of the property so taken. The amount of interest and when it should be paid in turn depends on specific provisions with respect to interest in a statute or where there is no such provision then on general equitable principles.

█ Under the statute, *N. J. S. A.* 27:12B-7, the respondent Authority is not made responsible for the payment of legal interest on the amount of the estimated compensation deposited with the court for the following reasons. In condemnation proceedings interest is allowed where the condemner goes into possession without full payment and the owner of the property is deprived not only of his property but of the profits and increments from the use and for this latter deprivation interest is allowable on equitable

principles. *Acquackanonk Water Co. v. Weidmann, etc., Co.,* 99 *N. J. L.* 175 (*E. & A.* 1923). Under this section of the statute there can be no appropriation of the use until the estimated compensation is paid into court under the terms and conditions fixed in the statute.

The payment of the money into court stops the running of the legal interest on the sum so deposited. *National Docks & N. J. J. C. etc., Ry. Co. v. Pennsylvania R. R. Co.,* 54 *N. J. Eq.* 142, 149 (*Ch.* 1895), affirmed 55 *N. J. Eq.* 820 (*E. & A.* 1896). The payment into court amounts to a constructive payment to the owner and is given the same legal effect by the statute as actual payment. The money in such cases represents the land taken—it is the thing which the statute substitutes for the land. Once the deposit is made the court takes control of the money for all purposes and under the terms of the statute can pay it to the owner who is entitled to it. *National Docks & N. J. J. C. Ry. Co. v. United New Jersey R. R. Co.,* 52 *N. J. Eq.* 366, 369, 371 (*Ch.* 1894), affirmed 52 *N. J. Eq.* 555 (*E. & A.* 1894).

But the payment into court is only the estimated compensation, and when the final award shows an excess over the amount deposited then the owner's right in the property has not been replaced by money and there is a deprivation not only of the property to that extent but also of the rents, issues and profits that could be earned on it. Thus constitutionally and equitably interest is allowable and it is such interest that this statute allows at the rate of 6% on the excess of the award over the deposit. Likewise the statute contemplates there be a complete appropriation not only of the property but of its use at the time of the filing of the declaration and the payment of the estimated compensation into the court. There is no residue or remainder left in the owner. It is only in the situation where for a definite period of time after the taking that the owner enjoys the rents and profits of the land that such rents and profits under equitable principles may be used to abate the amount due

on interest running from the period of the taking. *Metler v. Easton & Amboy R. R. Co.,* 37 *N. J. L.* 222 (*Sup. Ct.* 1874).

It is not only the theory of this section but the practical effect of its operation that the owner is deprived of his property to the extent of the excess down to the payment of the final award. On the other hand, he is not deprived of his property in the money so deposited because under the statute that can be paid to the legal owner at any time subject to the terms as to repayment. The payment of interest on the deposit is not mandatory either under *N. J. S.* 2A :15–73 or the implementing rule, *R. R.* 4 :72–5. But the owner has the option of either leaving the estimated compensation on deposit with the court where it is earning interest, or withdrawing it. If he withdrew it, for example, before interest might be paid under the rules, it could not be argued that any profit or capital gain he might make in the interim on the reinvestment of these funds could be used to abate either the payment of the principal or interest on the excess of the award over the deposit.

For the purpose of payment and distribution, the moneys paid into court on condemnation proceedings prior to distribution are treated and distributed according to the legal rights respecting real property.

The consent judgment below must be construed in the light of the existing facts and a reasonable construction of the statute and applicable law. When the parties were reaching an agreement as to the total amount of the judgment to be paid in full compensation for the land taken, they had to consider the amount to be paid in excess of $44,275, together with the legal interest required to be paid on such excess by the statute. Thus, both parties had rights in these particulars which could be compromised. On the other hand, the respondent Authority had no right, as has been demonstrated, in the estimated compensation deposited and the interest earned thereon which belonged to the owner-appellant and which had been distributed with the consent of the respondent Authority. That legally belonged to the owner and was not open to compromise, and in the absence

of clear and unequivocal language in the judgment that would indicate it was the intention of the parties to allow the interest earned on such deposit as a credit in the final settlement, it should not be read into the judgment. To do so would run counter to the equitable principles and theory on which the provisions of this section of the statute are based.

The question as to who is responsible for the payment of commissions on the deposit when it was withdrawn is immaterial on the question here presented and we express no opinion with respect thereto.

The order of October 18, 1956 is reversed and the cause remanded to be proceeded with in accordance with the views expressed in this opinion.

*For reversal*—Justices HEHER, OLIPHANT, BURLING, JACOBS and WEINTRAUB—5.

*For affirmance*—Chief Justice VANDERBILT—1.