59 N.J. Super. 27 (1960)
157 A.2d 41
STATE OF NEW JERSEY BY THE STATE HIGHWAY COMMISSIONER, APPLICANT,
v.
WILBUR F. HANKINS, ET AL., RESPONDENTS.
Superior Court of New Jersey, Law Division.
Decided January 4, 1960.
*29 Mr. Thomas C. Mitchell, Deputy Attorney General, attorney for State Highway Commissioner.
Mr. Robert A. Lederer, attorney for respondent Hankins.
Messrs. Hiering & Grasso, attorneys for respondent Ferguson.
LARRABEE, J.C.C. (temporarily assigned).
Hankins and Ferguson owned a tract on the north side of State Highway Route No. 37 and proposed to erect a gasoline service station thereon. In 1955 they applied to the Township *30 of Dover for a building permit for gasoline pumps. The permit was refused by the building inspector unless the owners obtained written approval from the State Highway Department. Upon application the State Highway Department issued a permit which stated that the owners' property was in the line of a proposed right of way which the Department expected to utilize for the expansion of Route 37, and that any gasoline pumps could not be nearer than 75 feet from the then existing northerly line of Route 37. Since that time the owners have never used the 75 feet referred to.
On July 17, 1957 the State instituted condemnation proceedings in the case, with the result that the commissioners made an award on June 12, 1958 of $9,500. From this award the State appealed, and on June 17, 1959 obtained a jury verdict in the Superior Court of $9,000, for which amount judgment was entered.
The owners now move to have the judgment amended to include interest from July 17, 1957, contending that the omission was an oversight. The statute directs the commissioners to make an award which represents a "just and equitable appraisement of the value of the same, and an assessment of the amount to be paid by the plaintiff for the land or other property and damages as aforesaid, as of the date of the commencement of the action for condemnation." N.J.S.A. 20:1-9.
Under N.J.S.A. 20:1-6 the commissioners are directed to "examine and appraise the land or property and assess the damages * * * in such manner as the court shall direct."
Interest is allowed on the basis of specific statutory provisions providing for it, or on equitable principles where there is no statute. New Jersey Highway Authority v. Ellis, 24 N.J. 1 (1957). It does not appear that any declaration of taking has been filed under N.J.S.A. 27:12B-7, and consequently the provisions of Title 20 of the Revised Statutes apply.
*31 Oliphant, J., in the Ellis case, states that "In condemnation proceedings interest is allowed where the condemner goes into possession without full payment and the owner of the property is deprived not only of his property but of the profits and increments from the use and for this latter deprivation interest is allowable on equitable principles," citing Acquackanonk Water Co. v. Weidmann Silk Dyeing Co., 99 N.J.L. 175 (E. & A. 1923), where the court said that "where the statute does not, in terms, provide for an allowance of interest equitable principles require that it be allowed." But in the Acquackanonk case the condemners took possession from the time of the filing of the petition to condemn and manifestly the owners were deprived of their property from that date without just compensation.
Accordingly, interest should be allowed from the date on which possession is taken. Board of Education of City of Vineland v. Ross, 32 N.J. Super. 79 (Law Div. 1954). It is disputed as to when and if possession was taken. An argument favoring the owners would be that the action of the State Highway Commissioner in refusing to approve the erection of structures within the proposed right-of-way constituted taking possession.
Possession of land means the actual control by physical occupation and the holding and exercise of dominion over it; it is that possession or relation which shall give one its use and control and excludes all others from like use or control. National Cypress Pole & Piling Co. v. Hemhill Lumber Co., 325 Mo. 807, 31 S.W.2d 1059, 1063 (Sup. Ct. 1930); Bank of America National Trust & Savings Ass'n. v. Bank of Amador County, 135 Cal. App. 714, 28 P.2d 86, 89 (D. Ct. App. 1933); see State v. Labato, 7 N.J. 137, 148 (1951).
The act of the State Highway Commissioner impaired the use and enjoyment of the owners. However, this is not equivalent to taking possession.
It is not shown that the State Highway Commissioner had any authority whatever to prevent the erection of the *32 gasoline pumps, aside from a condemnation proceeding which, in 1955, had not been instituted. Consequently, his refusal to issue a permit, a merely negative act, could not constitute taking possession.
Next is the problem as to whether or not the Commissioner's act, or failure to act, created an inequitable or unfair situation which would merit the addition of interest. Here there is no proof that the refusal of the building inspector was produced by the Commissioner. On the basis of the proof by affidavit, the wrongdoer was the building inspector. It is not shown that the Commissioner had the authority or duty to grant or refuse approval. His refusal to grant approval therefore did not constitute a wrongful act. Since the Commissioner did no wrongful act interest cannot be allowed on a blameworthy basis. There may be some suggestion permitting recovery in the nearly two thousand maxims that are found in Bouvier's Law Dictionary, under "Maxims," but a rapid survey of them does not reveal any apropos. If the Commissioner had attempted to appropriate the land under color of statutory authority, without complying with the legal conditions precedent equitable jurisdiction and hence equitable principles would be involved. See the fourth font of equity jurisdiction in the classic case of Hart v. Leonard, 42 N.J. Eq. 416 (E. & A. 1886). But here there was no attempt on the part of the Commissioner to appropriate the land.
The State contends that under the terms of the local zoning ordinance the owners were prohibited from erecting gasoline pumps on the condemned area and consequently suffered no loss. However, the zoning ordinance was extended to cover the premises on June 26, 1957, 21 days prior to the institution of condemnation proceedings. The owners made their application in 1955, and had they proceeded then to erect pumps, they would have established a non-conforming use not prohibited by the 1957 zoning ordinance. Consequently, the zoning prohibition is not material.
*33 In Metler v. Easton and A.R. Co., 37 N.J.L. 222 (Sup. Ct. 1874), it was held that, when equitable, interest from the date of the Commissioner's award to the entry of judgment on appeal should be allowed as compensation for the necessary delay in ultimately ascertaining the amount the owners are to be paid, but the court denied interest during such time as the owner retained possession and collected the rent.
The owners would have been entitled to payment of the $9,500 award when the commissioners filed their report, except for the appeal. N.J.S.A. 20:1-13.
On appeal the State obtained a $500 reduction. The relatively small size of the reduction confirms the propriety of the commissioners' award and shows the appeal to have been without substantial merit. The appeal was taken by the State. Consequently the State caused the delay without good reason.
It is not shown that the failure of the State to take possession was of any benefit to the owners or that the owners received any otherwise worthwhile benefit from the property subsequent to the commissioners' award. Consequently, the judgment is amended by the addition of 5% interest on $9,000, from June 12, 1958 to June 17, 1959.