745 A.2d 1163

CASINO REINVESTMENT DEVELOPMENT AUTHORITY, A PUBLIC CORPORATE BODY OF THE STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v. WALTER J. HAUCK AND VIRGINIA HAUCK, HUSBAND AND WIFE, DEFENDANTS–APPELLANTS, AND STATE OF NEW JERSEY, NATIONAL WESTMINSTER BANK, JOHN DOE(S), AN UNKNOWN CLAIMANT(S), FICTITIOUS NAME(S), WHO IS (ARE) OR MAY BE TENANT(S) CITY OF ATLANTIC CITY AND ATLANTIC CITY MUNICIPAL UTILITIES AUTHORITY, DEFENDANTS, AND YVETTE NIERENBERG, INTERVENOR–APPELLANT, AND STATE OF NEW JERSEY AND TOWNSHIP OF WEST WINDSOR, INTERVENORS–RESPONDENTS.

Argued November 9, 1999—Decided February 3, 2000.

*Peter H. Wegener* argued the cause for appellants (*Bathgate, Wegener & Wolf,* attorneys).

*Edward D. McKirdy* argued the cause for intervenor-appellant (*McKirdy and Riskin,* attorneys).

*Paul V. Fernicola* argued the cause for respondent (*Giordano, Halleran & Ciesla,* attorneys; *Mr. Fernicola* and *Nicole Devaney,* on the brief).

*Richard L. Rudin* argued the cause for intervenor-respondent Township of West Windsor (*Weiner Lesniak,* attorneys).

*George P. Ljutich,* Deputy Attorney General, argued the cause for intervenor-respondent State of New Jersey (*John J. Farmer,*

*Jr.,* Attorney General, attorney; *Mary C. Jacobson,* Assistant Attorney General, of counsel).

PER CURIAM.

■ On certification granted, 160 *N.J.* 476, 734 *A.*2d 791 (1999),[1] Walter and Virginia Hauck, property owners in Atlantic City, challenge the interest portion of a judgment entered upon a jury verdict in a condemnation action instituted against them by the Casino Reinvestment Development Authority. More particularly, they claim that the trial judge erred in failing to grant interest as of the date of the valuation of the property and in applying the rate of interest prescribed in *Rule* 4:42–11. We affirm substantially for the reasons expressed by the Appellate Division in Judge Baime's opinion reported at 317 *N.J.Super.* 584, 722 *A.*2d 949 (App.Div.1999). As the Appellate Division concluded, *id.* at 592–94, 722 *A.*2d 949, the Eminent Domain Act of 1971, *N.J.S.A.* 20:3–1 to –50, clearly establishes that interest on a condemnation award runs from the date of the commencement of the action until the date of payment of compensation, *N.J.S.A.* 20:3–31, and not from the date of valuation which serves an entirely different statutory purpose. *See Township of W. Windsor v. Nierenberg,* 150 *N.J.* 111, 126–27, 695 *A.*2d 1344 (1997) (quoting Report of Eminent Domain Revision Commissioner of New Jersey, 27–28 (1965)).

■ Moreover, even where the condemned property is valued pursuant to *N.J.S.A.* 20:3–30(c) on the basis of governmental action that substantially affects use and enjoyment of the property, satisfaction of that standard for valuation purposes falls short of meeting the constitutional standard requiring payment of interest from the date of taking. *See N.J. Highway Auth. v. Ellis,* 24 *N.J.* 1, 7, 130 *A.*2d 601 (1957). As the Appellate Division ob-

---

[1] We simultaneously granted certification to Intervenor–Appellant Yvette Nierenberg who claimed that our decision could affect the outcome in a pending condemnation action involving her property in West Windsor. *Township of West Windsor v. Nierenberg,* 150 *N.J.* 111, 695 *A.*2d 1344 (1997). Like the Haucks, she is bound by our disposition here.

served, 317 *N.J.Super.* at 592, 722 *A*.2d 949, to establish a taking that implicates the constitutional demand for compensation, there must be proof "that there has been substantial destruction of the value of [the] property and that defendant's activities have been a substantial factor in bringing this about." *Washington Mkt. Enters. v. Trenton,* 68 *N.J.* 107, 123, 343 *A*.2d 408 (1975). No such proof was offered by the condemnee.

Concerning the application of the interest rate established in *Rule* 4:42–11, we are satisfied, as was the Appellate Division, that, in this case, the trial court considered the Haucks' expansive documentary submissions concerning interest and properly concluded that the rate set forth in the rule best indemnified the Haucks for the loss of the use of the compensation to which they were entitled from the date of the institution of the condemnation action. *Township of Wayne v. Cassatly,* 137 *N.J.Super.* 464, 474, 349 *A*.2d 545 (App.Div.1975), *certif. denied,* 70 *N.J.* 137, 358 *A*.2d 184 (1976).

That is not to suggest that such a rate will always be appropriate. Indeed, in times of great interest fluctuations, where the interest rate prescribed by the court rule is inadequate to indemnify the condemnee, application of a different rate may well be warranted. *See Cassatly, supra,* 137 *N.J.Super.* at 474, 349 *A*.2d 545. We hold only that, on the facts presented, the application of the *Rule* 4:42–11 rate was proper.

The judgment of the Appellate Division is affirmed.

*For affirmance*—Chief Justice PORITZ and Justices O'HERN, GARIBALDI, STEIN, COLEMAN, LONG and VERNIERO—7.

*Opposed*—None.