885 A.2d 440

MOUNT LAUREL TOWNSHIP, PLAINTIFF–PETITIONER, AND SOUTHERN BURLINGTON COUNTY NAACP, CAMDEN COUNTY C.O.R.E., CAMDEN COUNTY NAACP, ETHEL LAWRENCE, THOMASINE LAWRENCE, CATHERINE STILL, MARY E. SMITH, SHIRLEY MORRIS, JACQUELINE CURTIS, GLADYS CLARK, BETTY WEAL, AND ANGEL PEREZ, ON BEHALF OF THEMSELVES AND OTHERS SIMILARLY SITUATED, PLAINTIFFS/INTERVENORS–PETITIONERS, v. RICHARD L. STANLEY AND LUCIA STANLEY, HIS WIFE, DEFENDANTS–RESPONDENTS. AND HUDSON CITY SAVINGS BANK, AND MCCURDY & RISKIN, P.A., DEFENDANTS.

Argued September 27, 2005—Decided November 21, 2005.

*Kevin D. Walsh* and *Michael L. Mouber* argued the cause for appellants (*Kevin D. Walsh*, attorney for Southern Burlington County NAACP, Camden County C.O.R.E., Camden County NAACP, Ethel Lawrence, Thomasine Lawrence, Catherine Still, Mary E. Smith, Shirley Morris, Jacqueline Curtis, Gladys Clark, Betty Weal and Angel Perez and *Michael L. Mouber*, attorney for Mount Laurel Township; *Mr. Walsh* and *Peter J. O'Connor*, on the joint briefs).

*Wendy F. Klein* argued the cause for respondents (*Cole, Schotz, Meisel, Forman & Leonard*, attorneys; *Thomas J. LaConte*, of counsel; *Ms Klein* and *Mr. LaConte*, on the brief).

PER CURIAM.

Our State Constitution specifically provides that "[p]rivate property shall not be taken for public use without just compensation,"

*N.J. Const.* art. I, ¶ 20. That limitation on governmental power mirrors the restrictions present in the Fifth Amendment to the Federal Constitution: "[N]or shall private property be taken for public use without just compensation." *U.S. Const.* amend V. The procedural protections required to implement those constitutional mandates are set forth in the Eminent Domain Act of 1971, *N.J.S.A.* 20:3–1 to –50. Thus, if a public or private entity seeks to condemn private property for a public purpose under the power of eminent domain, Section 29 of the Act, *N.J.S.A.* 20:3–29, makes clear that the owner of the private property being condemned— the condemnee—"shall be entitled to compensation for the property, and damages, if any, to any remaining property. . . ."

One of the key components in determining what constitutes just compensation in exchange for an eminent domain taking is the date of valuation of the private property subject to condemnation. Section 30 of the Act, *N.J.S.A.* 20:3–30, establishes four alternatives for determining the date at which just compensation for the condemned property is to be determined. Three describe readily and easily ascertainable events: (1) the date possession is taken by the condemnor, (2) the date of the filing of a condemnation complaint, or (3) the date of the filing of a declaration of blight or the expiration of the appeal period for removal of a designation of abandoned property. This appeal requires that we define and give context to the remaining alternative: "the date on which action is taken by the condemnor which substantially affects the use and enjoyment of the property by the condemnee. . . ." *N.J.S.A.* 20:3–30(c). More narrowly, this appeal requires that we address what the Legislature meant by the term "use and enjoyment" in the context of *N.J.S.A.* 20:3–30(c).

■ We hold that, consistent with *Twp. of West Windsor v. Nierenberg*, 150 *N.J.* 111, 695 *A.*2d 1344 (1997), the question whether a property owner's "use and enjoyment" have been "substantially affect[ed]" requires a determination as to what effect, if any, the actions of the condemnor, either directly or indirectly, had on the value of the property subject to condemna-

tion. If the actions of the condemnor substantially affected the value of the condemnee's property and those actions precede any of the other triggering events listed in *N.J.S.A.* 20:3–30, then the date of those events shall be the date of valuation for just compensation purposes.

## I.

### A.

Almost five years after a judgment of repose [1] was entered concerning the home and adjoining farmland owned by defendants Richard and Lucia Stanley (Stanley), plaintiff Mount Laurel Township [2] (Township) filed its complaint in condemnation. During that same period, the fair market value of the Stanleys' property rose significantly due solely to inflationary pressures. *N.J.S.A.* 20:3–30 sets forth a temporal hierarchy for determining the date of valuation of a property subject to condemnation:

> Just compensation shall be determined as of the date of the *earliest* of the following events: (a) the date possession of the property being condemned is taken by the condemnor in whole or in part; (b) the date of the commencement of the action; (c) the date on which action is taken by the condemnor which substantially affects the use and enjoyment of the property by the condemnee; or (d) the date of the declaration of blight by the governing body ... or, in the case of a property

---

[1] This case arises from the Township's efforts to implement its obligations under *Southern Burlington County NAACP v. Mount Laurel Twp.*, 67 *N.J.* 151, 336 *A.2d* 713, cert. denied and appeal dismissed, 423 *U.S.* 808, 96 *S.Ct.* 18, 46 *L.Ed.2d* 28 (1975) (*Mount Laurel I* ), and *Southern Burlington County NAACP v. Twp. of Mount Laurel*, 92 *N.J.* 158, 456 *A.2d* 390 (1983) (*Mount Laurel II* ), which prohibit the use of a municipality's zoning power to exclude low and moderate income housing and, instead, affirmatively require that municipalities provide, by land use regulation, realistic opportunity for low and moderate income housing.

[2] Intervenor status was granted to several individuals as well as to certain public interest advocacy organizations that seek to vindicate the purposes of *Mount Laurel I* and *Mount Laurel II*. Both the Township and the intervenors were granted certification, 183 *N.J.* 215, 871 *A.2d* 92 (2005), advance the same arguments, and seek the same relief; for brevity's sake, reference is made solely to the Township.

being maintained as an abandoned property for failure to remove the property from the abandoned property list, ... the date of expiration of the condemnee's right to appeal inclusion of the property on the abandoned property list.
[ (emphasis supplied.) ]

Of these statutory alternatives, we must determine which applies, and thus which is the proper valuation date for the property subject to condemnation.

### B.

The Township asserts that this case is governed by *N.J.S.A.* 20:3–30(c), which provides that "[j]ust compensation shall be determined as of the date of the earliest of the following events: ... the date on which action is taken by the condemnor which substantially affects the use and enjoyment of the property by the condemnee...." According to the Township, under *Twp. of West Windsor v. Nierenberg*, 150 *N.J.* 111, 695 *A.*2d 1344 (1997), the proper date of valuation of the property owned and occupied by the Stanleys is December 3, 1997, when a judgment of repose was entered approving the Township's fair share housing plan that included the Stanleys' property. The Stanleys, on the other hand, argue that the judgment of repose did not substantially affect their use and enjoyment of the property, because the later increase in value of their property was due solely to inflationary pressures and was not a result of any of the Township's actions as condemnor, and because they continued to live on, use, and enjoy their property unabated until November 2002. Thus, the Stanleys urge that *N.J.S.A.* 20:3–30(b) provides the proper standard for determining the date of valuation, specifically, "the date of the commencement of the action." The action in condemnation was not filed by the Township until May 8, 2002. The Stanleys assert, therefore, that that date, and not the December 3, 1997 date of the judgment of repose, is the proper valuation date.

On motion, the trial court agreed with the Township. Finding that the material facts in this case were not disputed, the trial court concluded that *Nierenberg, supra,* "is ... factually indistinguishable from [this] case," and held that

the date of valuation must be December 3, 1997, the date of the Judgment of Repose which clearly and unmistakably identified the Stanley property as a property to be acquired by the Township of Mount Laurel to be thereafter immediately conveyed to FSHD [Fair Share Housing Development, the intervenors' designated non-profit developer] for a 180 unit senior citizen project to partially satisfy the Township's *Mt. Laurel* obligation to provide low and moderate income housing. The entry of the Judgment of Repose constituted a discernable, [discrete] and distinct act by the court confirming the Township's obligation to condemn the property in question.....

Addressing the Stanleys' claim that their continued use and enjoyment were not "substantially affect[ed]" by the December 3, 1997 judgment of repose, the trial court concluded that

It is evident that a landowner will have *some* use and enjoyment of the property sought to be taken until possession is yielded to the condemning authority. However, *some* use and enjoyment of the property is inconsistent with unfettered ownership with all of its attendant rights to sell, rent, develop, subdivide or simply give the property away.

The Appellate Division reversed and remanded for a new valuation proceeding using instead the May 8, 2002 filing of the complaint in condemnation as the valuation date. The panel underscored that, under *Nierenberg,* "one of the objectives of subsection (c) [of *N.J.S.A.* 20:3–30] is to protect the condemnee from a diminution in value resulting from 'the cloud of condemnation' being placed on the property by a potential condemnor; another objective is to insulate the condemnor from 'the ravages of an inflationary spiral.' " *Supra,* 150 *N.J.* at 129, 695 *A.*2d 1344 (quoting *New Jersey Sports & Exposition Auth. v. Giant Realty Assoc.,* 143 *N.J.Super.* 338, 348, 362 *A.*2d 1312 (Law Div.1976)). Explaining the contours of *N.J.S.A.* 20:3–30(c)—that the "action [ ] taken by the condemnor [ ] substantially affect[ ] the use and enjoyment of the property by the condemnee"—the Appellate Division again relied on *Nierenberg:* "A substantial effect upon the use and enjoyment of property is occasioned when the condemnor takes action which directly, unequivocally and immediately stimulates an upward or downward fluctuation in value and which is directly attributable to future condemnation." *Id.* at 129–30, 695 *A.*2d 1344 (quoting *New Jersey Sports & Exposition Auth. v. Giant Realty Assoc., supra,* 143 *N.J.Super.* at 353, 362 *A.*2d 1312). The Appellate Division noted that

the emphasis in *Nierenberg* is not that the taking is certain, but rather whether the effect of that certainty causes an increase or decrease in the property's value such that just compensation requires valuation as of the date of that effect. The focus is on an "action which directly, unequivocally and immediately stimulates an upward or downward fluctuation in value and which is directly attributable to future condemnation." *Tp. of West Windsor v. Nierenberg, supra,* 150 *N.J.* at 129–30 [695 *A.2d* 1344] (quoting *New Jersey Sports & Exposition Auth. v. Giant Realty Assoc., supra,* 143 *N.J.Super.* at 353 [362 *A.2d* 1312]). It is only under those circumstances that subsection (c) represents just compensation.

For the reasons that follow, we affirm the judgment of the Appellate Division.

## II.

■ Hewing to the mandate of *Twp. of West Windsor v. Nierenberg,* 150 *N.J.* 111, 695 *A.2d* 1344 (1997), the Appellate Division focused on any change in value to the Stanleys' property attributable to the Township's actions and concluded that the filing of the judgment of repose on December 3, 1997 did not "directly, unequivocally and immediately stimulate[ ] an upward or downward fluctuation in value [ ] which is directly attributable to a future condemnation." We agree. In the panel's terms, it is "undisputed" that the increase in the value of the Stanleys' property from the entry of the judgment of repose on December 3, 1997 until the filing of the complaint in condemnation on May 8, 2002 was "caused by inflationary circumstances," and was not the result of any act by the condemnor. Therefore, because the December 3, 1997 judgment of repose did not "directly, unequivocally and immediately stimulate[ ] an upward or downward fluctuation in value [ ] which is directly attributable to future condemnation," the trial court erred when it applied *N.J.S.A.* 20:3–30(c)—the date on which the "action [ ] taken by the condemnor [ ] substantially affects the use and enjoyment of the property by the condemnee"—in determining the proper valuation date.[3] The value

---

[3] Although the language used in inverse condemnation cases may appear similar, the theme of *N.J.S.A.* 20:3–30(c)—the date on which the "action [ ] taken by the condemnor [ ] substantially affects the use and enjoyment of the property

of the Stanleys' property admittedly was not affected by the Township's actions. Therefore, we must apply the hierarchy of "earliest" events set forth in *N.J.S.A.* 20:3–30. That application discloses that the "earliest" event that defines the proper date of valuation for condemnation was May 8, 2002, the date of the filing of the complaint in condemnation or, in the words of the controlling statute, "the date of the commencement of the action." *N.J.S.A.* 20:3–30(b).[4]

### III.

The judgment of the Appellate Division is affirmed.

*For affirmance*—Chief Justice PORITZ and Justices LONG, LaVECCHIA, ZAZZALI, ALBIN, WALLACE and RIVERA–SOTO—7.

*Opposed*—None.

---

by the condemnee"—must be distinguished from the benchmark for a taking in inverse condemnation proceedings. *Casino Reinv. Dev. Auth. v. Hauck,* 317 *N.J.Super.* 584, 592, 722 *A.2d* 949 (App.Div.1999) ("[T]he standard for fixing the valuation date as set forth in *N.J.S.A.* 20:3–30(c) is not nearly as rigorous as that applicable to claims of inverse condemnation."), *aff'd,* 162 *N.J.* 576, 745 *A.2d* 1163 (2000) (*per curiam* ); *Washington Mkt. Enter., Inc. v. Trenton,* 68 *N.J.* 107, 123, 343 *A.2d* 408 (1975) ("[T]he plaintiff [in an inverse condemnation action] will be required to show that there has been a substantial destruction of the value of its property and that defendant's activities have been a substantial factor in bringing this about.").

[4] Because we have determined that the value of the Stanleys' property was not "substantially affect[ed]" as required to trigger *N.J.S.A.* 20:3–30(c) and that the proper date for valuation was the date of the filing of the condemnation complaint under *N.J.S.A.* 20:3–30(b), we need not and do not address whether, other than in respect of its value, the Stanleys' "use and enjoyment" of their property was "substantially affect[ed]" by the entry of the judgment of repose.