J-S11008-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| HERIBERTO JOSE VAZQUEZ | |
| Appellant | No. 711 WDA 2020 |

Appeal from the PCRA Order Entered June 17, 2020
In the Court of Common Pleas of Erie County
Criminal Division at No: CP-25-CR-0003139-2017

BEFORE:  STABILE, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY STABILE, J.:                                **FILED:  July 14, 2021**

Appellant, Heriberto Jose Vazquez, appeals from the June 17, 2020 order dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA") 42 Pa.C.S.A. §§ 9541-46.  We affirm.

The PCRA court recited the pertinent facts and procedural history:

> By information filed November 20, 2017, petitioner incurred charges as follows:  three counts of aggravated assault graded as first degree felonies; three counts of aggravated assault graded as second degree felonies; one count of terroristic threats; three counts of recklessly endangering another person; one count of driving under the influence (general impairment, incapable of safe driving, accident); one count of driving under the influence (highest rate of alcohol, BAC of 0.16 or greater; and three counts of aggravated assault by vehicle while driving under the

---

[*] Retired Senior Judge assigned to the Superior Court.

influence.[1] The charges stemmed from a motor vehicle accident which occurred on September 11, 2017 in Erie, Pennsylvania. On that date, [Appellant] operated a vehicle at a high rate of speed while under the influence of alcohol, and struck another vehicle. A passenger in each vehicle was injured in the collision.

On January 21, 2018, [Appellant] entered a negotiated guilty plea to count six, aggravated assault (as to a passenger of the vehicle operated by [Appellant]), and to count thirteen aggravated assault by vehicle while driving under the influence (as to the collision with the other vehicle operated by Emad Al-Muraihej), consolidating the facts of count fourteen, aggravated assault by vehicle while driving under the influence (regarding a passenger of the vehicle operated by Al-Muraihej). The remaining charges were *nolle prossed*.

On April 10, 2018, the court sentenced [Appellant] to an aggregate of 40 to 80 months of incarceration[.] [Appellant] was awarded credit for time served, and the court directed [that Appellant] was 'boot camp eligible, if eligible.' The sentences were at the low end of the standard range of the guidelines.

PCRA Court Opinion, 5/26/20 at 1-3.

This Court affirmed the judgment of sentence on March 19, 2019. Appellant filed this timely first PCRA petition on December 9, 2019. Appointed counsel filed a brief in support of the petition on February 26, 2020. Appellant argues plea counsel was ineffective by inducing Appellant to plead guilty without first pursuing meritorious suppression issues, and by permitting Appellant to enter a negotiated plea deal that promised Appellant boot camp when Appellant was not eligible for boot camp. On May 26, 2020, The PCRA court filed its notice of intent to dismiss the petition pursuant to Pa.R.Crim.P.

---

[1] 18 Pa.C.S.A. §§ 2702(a)(1) and (4); 18 Pa.C.S.A. § 2706(a)(1); 18 Pa.C.S.A. § 2705; 75 Pa.C.S.A. § 3802(a)(1) and (c); 75 Pa.C.S.A. § 3735.1(a), respectively.

907.  On June 17, 2020, the court entered the order on appeal, dismissing this petition.

On review from an order denying relief under the PCRA, our task is to determine whether the record supports the PCRA court's findings of fact, and whether its decision is free of legal error.  **Commonwealth v. Mason**, 130 A.2d 601, 617 (Pa. 2015).  We view the evidence of record in a light most favorable to the prevailing party.  **Id.**  The PCRA court's credibility determinations, when supported by the record, are binding on this Court.  **Id.** We review the PCRA court's legal conclusions *de novo*.  **Id.**

To prevail on a claim of ineffective assistance of counsel, a petitioner bears the burden of pleading and proving by a preponderance of the evidence that (1) the petitioner's underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for the disputed action or inaction; and (3) the petitioner was prejudiced such that there is a reasonable probability that the outcome of the proceeding would have been different but for counsel's error. **Id.** at 618.  If plea counsel misapprehends the consequences of a plea and therefore misleads the client, counsel renders ineffective assistance. **Commonwealth v. Barndt**, 74 A.3d 185, 196 (Pa. Super 2013).  Also, "[a] defendant is permitted to withdraw his guilty plea under the PCRA if ineffective assistance of counsel caused the defendant to enter an involuntary plea of guilt." **Commonwealth v. Kersteter**, 877 A.2d 466, 467 (Pa. Super. 2005).

Regarding Appellant's claim that counsel should have pursued a motion to suppress evidence, Appellant claims he was unlawfully coerced into a blood draw in violation of **Birchfield v. North Dakota**, 136 S. Ct. 2160 (2016) (holding that the Fourth Amendment to the United States Constitution prohibits warrantless blood tests, and that motorists cannot be deemed to have consented to blood tests or face criminal penalty if they refuse). Appellant does not identify the precise circumstances of his blood draw, nor does he explain why the blood draw violated **Birchfield**. Appellant also argues that "any statements that he made at the scene […] were subject to legal challenge." Appellant's Brief at 6. These statements apparently implicated Appellant as the driver of the vehicle, but Appellant provides no specifics on the circumstances of his statements or the legal basis upon which he believes they could have been suppressed. We observe that Appellant admitted to being the driver at both his plea hearing and his sentencing. N.T. Plea, 1/31/18, at 7-8; N.T. Sentencing, 4/10/18, at 10. Likewise, Appellant argues that any statements from Kira Holl,[2] the other person in Appellant's vehicle, should have been suppressed because she was unconscious at the scene and because testing revealed her blood alcohol content to be 0.38. Once again, Appellant provides no specifics as to where and when Holl gave her statements, the substance of these statements, or the legal basis upon

---

[2] Appellant's brief identifies this person as "Keira Hall." In the certified record, her surname is spelled "Holl." N.T. Plea, 1/31/18, at 7.

which they could have been suppressed. Finally, Appellant argues, without citation to evidence or legal authority that his counsel could have established at trial that the persons in the other car were negligent such that the collision was unavoidable regardless of the intoxication of Appellant and Holl. Appellant's failure to support any of the aforementioned arguments with citations to the record[3] and pertinent authority results in waiver. Pa.R.A.P. 2119(b), (c); **Commonwealth v. Harris**, 979 A.2d 387, 394 (Pa. 2009).

Next, we consider Appellant's claim that he was promised boot camp. In **Kersteter**, the defendant obtained collateral relief[4] where he was promised boot camp under the express terms of a plea agreement and then did not receive it. **Kersteter**, 877 A.2d at 470 (Pa. Super. 2005). **Kersteter** is distinguishable here because Appellant's claim that he was promised boot camp finds no support in the record. Appellant pled guilty without any reference to boot camp eligibility during his plea colloquy. N.T. Plea, 1/31/18, at 1-8. The plea colloquy reflects that, in exchange for his guilty plea on two counts, the Commonwealth *nolle prossed* other charges. **Id.** at 9. Later, near the conclusion of the **sentencing** hearing, defense counsel asked, "And, Your Honor, boot camp eligibility?" N.T. Sentencing 4/10/18, at 13. The trial court responded, "All right. **If he's boot camp eligible**, I'll agree to that." **Id.**

---

[3] Appellant does not argue that the PCRA court should have held a hearing.

[4] This Court left it to the PCRA court to determine an appropriate remedy. **Id.**

- 5 -

(emphasis added).  Thus, the record is silent on boot camp other than the trial court's statement at sentencing that boot camp was acceptable **if** Appellant was eligible.[5]

For the foregoing reasons, we conclude there is no arguable merit to Appellant's assertion that counsel's ineffectiveness resulted in an involuntary or unlawfully induced plea.  We discern no error in the order denying Appellant's PCRA petition.

Order affirmed.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date:  7/14/2021

---

[5]  Appellant cites an August 8, 2018 order in which the trial court ordered the boot camp criteria waived so that Appellant could begin participation in boot camp.  Order, 8/8/18.  This order does nothing to remedy the lack of evidence that boot camp was a term of the plea agreement pursuant to which he pled guilty in January of 2018.

- 6 -