**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0295-17T4

THAHABIEH KHATER,
MOHAMOUD KHATER,
HATEM KHATER and
MOHAMMED ABUROMI,

      Plaintiffs-Appellants,

v.

ETIDAL ISSA, a/k/a ETIDAL
ISSA-JAHMOUR, and
EZZEDDIN ISSA,

      Defendants-Respondents.

_____

Submitted February 6, 2019 – Decided March 12, 2019

Before Judges Nugent and Reisner.

On appeal from Superior Court of New Jersey, Law Division, Essex County, Docket No. L-0198-14.

The Zemel Law Firm, PC, attorneys for appellants (Fred M. Zemel, on the brief).

Law Offices of Joseph A. Chang, attorneys for respondents (Joseph A. Chang, of counsel and on the brief; Jeffrey Zajac, on the brief).

PER CURIAM

Plaintiffs Mohamoud Khater, Hatem Khater, Thahabieh Khater, and Mohammed Aburomi appeal from a December 20, 2016 order, dismissing their claim under the Uniform Fraudulent Transfer Act, N.J.S.A. 25:2-20 to 34, against defendant Etidal Issa at the close of plaintiffs' presentation of evidence at trial. See R. 4:37-2(b); R. 4:40-1.

Plaintiffs present the following points of argument on this appeal:

> THE TRIAL COURT DID NOT ENGAGE IN A PROPER ANALYSIS OF THE BADGES OF FRAUD AS REQUIRED UNDER [THE] UNIFORM FRAUDULENT TRANSFER ACT.
>
> RELEVENT PROVISIONS OF N.J.S.A. 25:2-30(a) REQUIRE[] A SHIFTING BURDEN OF PROOF IMPOSING ON ETIDAL ISSA THE BURDEN OF DEMONSTRATING "GOOD FAITH" AND "REASONABLY EQUIVALENT VALUE."

We review the trial court's decision de novo, employing the same standard as the trial court. See Frugis v. Bracigliano, 177 N.J. 250, 269 (2003); Dolson v. Anastasia, 55 N.J. 2, 5 (1969). After considering the record in light of that standard, we find no merit in plaintiffs' arguments. We conclude that the trial judge properly dismissed plaintiffs' complaint at the close of their presentation of evidence to the jury. We affirm substantially for the reasons the judge stated on the record immediately after hearing oral argument on defendant's motion to

2

dismiss. Apart from the following brief comments, plaintiffs' arguments do not warrant further discussion. R. 2:11-3(e)(1)(E).

First, we note that the record of this appeal is limited to the evidence plaintiffs presented to the jury at the trial. On this appeal, neither side can rely on evidence presented earlier on a summary judgment motion, or later in a proof hearing against another defendant who defaulted. Nor can we consider the entire transcript of Etidal Issa's deposition, when plaintiffs' counsel only read selected portions to the jury.

The evidence plaintiffs presented to the jury was sparse. In summary, they rented an apartment in a house owned by Ezzeddin Issa.[1] Both Ezzeddin and his sister Etidal managed the house and collected rent from plaintiffs. Plaintiffs moved out in February 2012, because their apartment was infested with bedbugs. In January 2012, before they moved out, one of the plaintiffs threatened to sue Ezzeddin for damages caused by the bedbugs. However, plaintiffs did not file their lawsuit until January 2014.

About six months after plaintiffs moved out, on July 23, 2012, Ezzeddin transferred the title to the property to Etidal. The deed, which was recorded,

---

[1] For clarity, and intending no disrespect, we will refer to Ezzeddin and his sister Etidal by their first names, because they have the same last name.

 A-0295-17T4

recited consideration of $100. Plaintiffs' attorney read the jury portions of Etidal's deposition, which provided some additional information. According to Etidal, her brother transferred the house to her to "satisfy a debt" he owed her. The deposition reading did not include any testimony about the amount of the debt. According to Etidal, after obtaining title to the house, she turned over the entire monthly rent to Ezzeddin's ex-wife to satisfy a $60,000 debt; it was not clear whether this was Ezzeddin's debt which Etidal had assumed, or a different debt.

Plaintiffs did not present expert testimony from a real estate appraiser or any other legally competent evidence of the value of the house, in order to show that it was transferred for less than its fair value.[2] See N.J.S.A. 25:2-25(b). There was no evidence of the condition of the house or the amount, if any, of Ezzeddin's equity in the property prior to the transfer. Nor did plaintiffs present any evidence that the house was Ezzeddin's only asset, that he absconded, or that he rendered himself judgment-proof by transferring the house to Etidal. See N.J.S.A. 25:2-26(e), (f), and (i). The transfer occurred six months after plaintiffs moved out of the house and more than a year before they filed their lawsuit.

_____

[2] In a pretrial ruling, the judge precluded plaintiffs from using a tax assessment record to prove the value of the property. See Bergen Cty. Sewer Auth. v. Bor. of Little Ferry, 15 N.J. Super. 43, 53 (App. Div. 1951).

4

A claim of a fraudulent transfer must be proven by clear and convincing evidence. <u>Jecker v. Hidden Valley, Inc.</u>, 422 N.J. Super. 155, 164 (App. Div. 2011).[3] Even viewed in the most favorable light, the evidence plaintiffs presented did not come close to satisfying that high standard. <u>See</u> <u>Dolson</u>, 55 N.J. at 5. Accordingly, we affirm the order dismissing the complaint at the close of plaintiffs' evidence.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[3] Contrary to plaintiffs' argument, <u>Gilchinsky v. Nat'l Westminster Bank</u>, 159 N.J. 463 (1999), does not hold that presenting evidence of fraud shifts the burden of proof to the defendant.

A-0295-17T4